United States Court of Appeals,

Fifth Circuit.

No. 94-50698.

Gary ZUSPANN, Plaintiff-Appellant,

v.

 Jesse BROWN, Secretary of the Department of Veterans Affairs, et
al., Defendants-Appellees.

Aug. 11, 1995.

Appeal from the United States District Court for the Western
District of Texas.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges.

WISDOM, Circuit Judge:

The plaintiff/appellant, Gary Zuspann, appeals from the
district court's dismissal of his cause of action. We affirm.

I

Gary Zuspann served as a Navy cook on the U.S.S. New Orleans
during the war in the Persian Gulf. While the ship was anchored in
the Persian Gulf, Zuspann was exposed to a variety of pollutants:
smoke and debris from oil wells burning nearby, oil-contaminated
water from the Gulf, and exhaust fumes from the ship's generator.
After his tour of duty in the Persian Gulf, Zuspann went to the
Philippines, where he came into contact with silica-containing
volcanic ash while helping to clean up after a volcanic eruption.

When Zuspann returned to the United States, he began to suffer
neck and back pain, weight loss, headaches, and respiratory
problems. He has been unable to hold a civilian job due to his
ailments. After treatment failed at two Veterans' Administration

1

(VA) facilities, Zuspann was transferred to a research center in Houston that specializes in the complaints of Persian Gulf veterans. Having been given a 70 percent disability rating, Zuspann qualified for treatment.

Two private physicians in Houston concluded that Zuspann's symptoms were consistent with a condition called "chemical sensitivity". One recommended that Zuspann be tested in an "environmental unit" to determine which chemicals caused Zuspann difficulty. Dr. Susan Mather, the Department physician in charge of investigating complaints of Persian Gulf veterans, concluded that "chemical sensitivity" was not the correct diagnosis for Zuspann's condition. In Dr. Mather's opinion, "chemical sensitivity" is not a true medical condition. Based on Dr. Mather's diagnosis, the Department decided to deny Zuspann treatment in an environmental unit. The VA discharged Zuspann and refused him additional treatment. Since his discharge, Zuspann has amassed $400,000 in medical bills.

Zuspann brought suit in federal district court against four defendants in their capacities as VA officials: Jesse Brown, Wallace Hopkins, Dr. Susan Mather, and Dr. Edward Young. Zuspann alleged that the defendants denied him adequate medical care in violation of the Rehabilitation Act of 1972[1] and the Due Process Clause of the Fifth Amendment. Zuspann also brought a *Bivens*[2]

---

[1]29 U.S.C. §§ 701-797(b) (1985).

[2]In *Bivens v. Six Unknown Named Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court established that the Constitution, in some circumstances,

action against three of the defendants in their individual capacities, Hopkins, Mather, and Young, alleging that they denied him a constitutionally protected property interest in his medical benefits as a veteran. The defendants filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction under 38 U.S.C. § 511(a). The district court dismissed Zuspann's suit without prejudice, and Zuspann appeals.

## II

Zuspann's first argument on appeal challenges the district court's dismissal under § 511(a) of his actions under the Fifth Amendment and the Rehabilitation Act. We review de novo the district court's dismissal for lack of subject matter jurisdiction.[3]

To determine whether the district court correctly dismissed this case under § 511(a), we ask one question: whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits. If Zuspann makes a facial challenge to a statute, then the district court has jurisdiction to hear his case. If, on the other hand, Zuspann challenges the VA's decision to deny him benefits, the district court does not have jurisdiction and properly dismissed his complaint. We hold that

---

may support private causes of action against federal officials for constitutional torts.

[3]*Hebert v. United States,* 53 F.3d 720, 722 (5th Cir.1995).

3

the district court has no jurisdiction over Zuspann's action against the defendants in their official capacities for alleged violations of the Rehabilitation Act and the Fifth Amendment.

Federal courts are courts of limited jurisdiction. Section 511 of Title 38, formerly § 211, precludes judicial review of veterans' benefits determinations. The 1970 version of § 211(a) provided that:

> the decisions of the Administrator on any question of law or fact under any law administered by the Veteran's Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.[4]

In *Johnson v. Robison,*[5] the Supreme Court held that § 211(a) precluded judicial review of decisions "made by the Administrator in the interpretation or application of a particular provision of the statute to a particular set of facts", but did not preclude review of the very statute itself.[6] Under *Johnson,* this Court has held that § 211 does not bar suits in federal district court challenging the constitutionality of the statutes underlying the veterans' benefits program, but that § 211 does bar challenges to individual benefits determinations.[7]

The current version of § 511 provides:

---

[4]38 U.S.C. § 211(a), (*quoted in Johnson v. Robison,* 415 U.S. 361, 365 n. 5, 94 S.Ct. 1160, 1165 n. 5, 39 L.Ed.2d 389 (1974)).

[5]415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

[6]*Id.* at 367, 94 S.Ct. at 1165-66.

[7]*Anderson v. Veterans Administration,* 559 F.2d 935, 936 (5th Cir.1977).

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [the exceptions listed in] subsection (b), the decision of the secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[8]

In 1988, Congress passed the Veterans' Judicial Review Act ("VJRA"),[9] which clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts. The VJRA also created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs. The VJRA allows veterans to appeal benefits determinations to the Board of Veterans' Appeals.[10] Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals.[11] The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals.[12] Congress expressly gave the Federal Circuit Court of Appeals "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision".[13]

Since the enactment of the VJRA, federal courts have refused

---

[8]38 U.S.C. § 511(a) (1991).

[9]38 U.S.C. § 7251 (1991).

[10]38 U.S.C. § 7104(a) (1995).

[11]38 U.S.C. §§ 7252(a), 7266(a) (1995).

[12]38 U.S.C. § 7292 (1991).

[13]38 U.S.C. § 7292(c) (1991).

to entertain constitutional claims if they are based on the VA's actions in a particular case.[14]

Our inquiry in this case focuses on whether Zuspann's complaint challenges the VA's decision to deny him benefits, or whether it makes a facial challenge to an act of Congress. The district court concluded that Zuspann did not make a facial attack, but instead merely was "complaining about a denial of benefits".[15] We agree with the district court.

Although Zuspann attempts to fashion his complaint in constitutional terms, his complaint is an individualized challenge to the VA's decision to deny him benefits. The gravamen of Zuspann's complaint is that he requested a chemical free living area, but the VA decided not to provide one. Zuspann's complaint seeks a judicial declaration that he is handicapped by chemical sensitivity and that the VA is required to provide him with a chemical free living environment. Based on the VA's allegedly erroneous decision to deny him benefits, Zuspann seeks compensation for his medical bills, damages for his pain and suffering, punitive damages, and attorney's fees. Zuspann's complaint frames his contentions as violations of the Rehabilitation Act and the Fifth Amendment, but federal district courts "do not acquire jurisdiction to hear challenges to benefits determinations merely because those

---

[14]*Sugrue v. Derwinski,* 26 F.3d 8, 10-11 (2d Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 2245, 132 L.Ed.2d 254 (1995); *Larrabee by Jones v. Derwinski,* 968 F.2d 1497, 1499-1501 (2d Cir.1992); *Hicks v. Veterans Administration,* 961 F.2d 1367, 1369 (8th Cir.1992).

[15]*Zuspann v. Brown,* 864 F.Supp. 17, 21 (W.D.Tex.1994).

challenges are cloaked in constitutional terms".[16]

Zuspann also asserts in his complaint that he is challenging the policies and regulations of the secretary, but we agree with the district court that he "fails to specifically point to a policy or regulation that prevents [him] from obtaining medical care".[17] Indeed, Zuspann responded to the defendants' motion to dismiss the complaint by arguing that he "[did] not seek a systematic change in agency policies or regulations".[18] Instead, Zuspann challenged the individual denial of benefits in his case. That Zuspann couches his challenge to the benefits determination in constitutional terms does not remove it from § 511's preclusion of judicial review of benefits decisions.[19]

Whether the benefits determination made in this case was right or wrong is not the issue in this case. The issue is whether the plaintiff may bring this case in federal district court. We express no opinion about the merits of Zuspann's case, and hold that federal district court is not the correct forum in which to bring this case. Congress has set up an exclusive review procedure for decisions involving veterans' benefits determinations, and the

---

[16]*Sugrue,* 26 F.3d at 11.

[17]*Zuspann,* 864 F.Supp. at 21.

[18]Zuspann argued that he "[did] not seek a systematic change in agency policies or regulations; rather, Zuspann challenges the Department's refusal to officially acknowledge chemical sensitivity and provide him the medical care he is entitled to receive, in violation of the Rehabilitation Act". Record at 263.

[19]*See, e.g., Sugrue,* 26 F.3d at 11; *Anderson,* 559 F.2d at 936.

7

district court in this case correctly concluded that it lacked subject matter jurisdiction to hear Zuspann's challenge to the VA's decision to deny him benefits.

                                    III

Zuspann's second argument on appeal challenges the dismissal of his *Bivens* action against the defendants Hopkins, Mather, and Young.

The defendants filed a motion to dismiss the *Bivens* action, arguing that the district court lacked jurisdiction to hear the contention and that the plaintiff failed to state a claim upon which relief could be granted. The district court found it lacked jurisdiction to hear the *Bivens* action. We are free to uphold the district court's judgment on any basis that is supported by the record;[20] no cause of action lies against the VA employees in their individual capacities. Because the plaintiff fails to state a claim upon which relief can be granted, we affirm the dismissal of the plaintiff's *Bivens* action.[21]

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* the Supreme Court established that the Constitution may support a private cause of action against federal officials for constitutional torts and allowed the victims of a Fourth Amendment

---

[20]*Clanton v. Orleans Parish School Board,* 649 F.2d 1084, 1094 n. 12 (5th Cir.1981). *See also Stegmaier v. Trammell,* 597 F.2d 1027, 1038 (5th Cir.1979); *Raven v. Panama Canal Co.,* 583 F.2d 169, 171 (5th Cir.1978), *cert. denied,* 440 U.S. 980, 99 S.Ct. 1787, 60 L.Ed.2d 240 (1979).

[21]We do not reach the question of whether Zuspann had federal jurisdiction for this claim.

violation by federal officers to bring suit against the officers for money damages in federal court.[22]  In *Bivens,* there were "no special factors counselling hesitation in the absence of affirmative action by Congress",[23] and the absence of a federal statutory basis for the cause of action was not an obstacle to the award of damages.  The Supreme Court has allowed *Bivens* actions in situations where, as in *Bivens* itself, there were no "special factors counselling hesitation in the absence of affirmative action by Congress", no statutory prohibition against the relief sought, and no exclusive statutory remedy.[24]

Where there are "special factors counselling hesitation", however, the Supreme Court has been reluctant to extend *Bivens* remedies to new contexts.  In *Bush v. Lucas,* the Supreme Court declined to find that an employee of the National Aeronautics and Space Administration had a private right of action against the director of the George C. Marshall Space Center for alleged violations of the employee's First Amendment rights.  No *Bivens* right of action exists, the Court concluded, in a situation in which federal legislation had already set up "an elaborate remedial system that ha[d] been constructed step by step, with careful

---

[22]*Bivens,* 403 U.S. 388, 394, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1983).

[23]*Id.* at 396, 91 S.Ct. at 2004-05.

[24]*Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 2466-67, 101 L.Ed.2d 370 (1988) (*citing Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) and *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)).

attention to conflicting policy considerations".[25]  Similarly, in *Chappell v. Wallace* the Supreme Court declined to find *Bivens* remedy for military personnel who were injured by the allegedly unconstitutional actions of superior officers.[26]

In *Schweiker v. Chilicky,*[27] the Supreme Court considered whether a *Bivens* remedy existed for alleged due process violations in the denial of social security disability benefits.  The Court remarked that the remedial scheme Congress created to safeguard the rights of social security recipients was "considerably more elaborate than the civil service system considered in *Bush*", and declined to recognize a *Bivens* remedy against the state and federal officials who administered the benefits program.  Finally, the Supreme Court held last Term in *FDIC v. Meyer* that no *Bivens* action lies against federal agencies.[28]

We agree with the Second Circuit Court of Appeals that the reasoning of *Bush* and *Chilicky* applies in the context of veterans' benefits, and that no *Bivens* remedy exists against VA employees.[29] Special factors counsel hesitation to create a *Bivens* remedy in this case.  This is a situation in which Congress has set up an elaborate remedial structure;  the administrative process created

----

[25]*Bush v. Lucas,* 462 U.S. 367, 388, 103 S.Ct. 2404, 2416-17, 76 L.Ed.2d 648 (1983).

[26]462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983).

[27]487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).

[28]--- U.S. ----, ----, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994).

[29]*Sugrue v. Derwinski,* 26 F.3d 8, 12-13 (2d Cir.1994).

by Congress provides for a comprehensive review of veterans' benefits disputes. Further, Congress has explicitly precluded judicial review of veterans' benefits disputes, which suggests that Congress' failure to create a remedy against individual VA employees was "not an oversight".[30]

We hold that no *Bivens* remedy lies against the individual employees of the VA. The district court properly dismissed both Zuspann's *Bivens* action and his challenge to the VA's denial of benefits.

The judgment of the district court is affirmed.

---

[30]*Id.* at 12.