Joe Earl DENSON, Heirs of Joe Earl Denson, Plaintiffs,

v.

MERCHANTS & FARMERS BANK, et al., Defendants.

Civil Action No. 3:96–cv–18WS.

United States District Court, S.D. Mississippi, Jackson Division.

June 28, 1996.

---

Joe E. Denson, Clinton, MS, pro se.

Heirs, of Joe E. Denson, Clinton, MS, pro se.

Donald A. McGraw, Jr., Montgomery, Smith–Vaniz & McGraw, Canton, MS, Rebecca B. Cowan, Montgomery, Smith–Vaniz & McGraw, Jackson, MS, for Merchants & Farmers Bank, Richard Jackson.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

This matter is before the court pursuant to the motion of the defendants to dismiss the plaintiffs' pro se complaint for lack of subject matter jurisdiction or a genuine federal question.[1] This court has heard the arguments of

---

1. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the district court ... has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1)

the parties and finds the motion to dismiss for lack of jurisdiction well taken.

## PERTINENT FACTS

Plaintiff Joe Earl Denson (hereinafter "Denson") is a totally disabled veteran who qualified for assistance to obtain specially adapted housing pursuant to the Veterans Rehabilitation Act, Title 38 U.S.C. § 2101, which provides in pertinent part that, "[t]he Secretary (of Veterans Affairs) is authorized, under such regulations as the Secretary may prescribe, to assist any veteran who is entitled to compensation under chapter 11 of this title for permanent and total service-connected disability . . . in acquiring a suitable housing unit with special fixtures or movable facilities made necessary by the nature of the veteran's disability. . . . "

On April 13, 1995, Denson entered into an Escrow Agreement which was executed by himself, by Clarence Chinn, a contractor and proprietor of C–C Building Enterprises, Inc. (hereinafter "the contractor") chosen by Denson to perform the construction of his new home, and by the Merchants & Farmers Bank,[2] a state chartered bank[3] (hereinafter also referred to as "the lender"). The Escrow Agreement provided that Denson was entitled to receive financial assistance from the Department of Veterans Affairs in the amount of $38,000.00 pursuant to Title 38 U.S.C. § 2102(a).[4] The Escrow Agreement also authorized a temporary "Consumer–

Construction" loan of $184,025.00 from the lender—Merchants & Farmers Bank—to complete the construction of Denson's home. Denson was to apply for a loan which would be automatically guaranteed pursuant to Title 38 U.S.C. § 3703(a)(1)(A).[5] Meanwhile, in order to proceed with construction, Denson signed a "Multipurpose Note and Security Agreement" with the lender wherein he promised to pay the lender in full by August 13, 1995. The parties expected that by then construction would be completed and that upon its final report the Department of Veterans Affairs would approve the structure for permanent financing.

After the construction of Denson's new home began, a dispute arose between Denson and the contractor over various aspects of the contract, including but not limited to the height of the shower curtain; whether a security system should be installed; location of a flushing device; whether inserts should be installed in the fireplace; whether carpet should be installed on porches; and whether paneling should be painted or unpainted. According to Denson, these matters became the focus of litigation between him and the contractor.[6] Meanwhile, the lender's Multipurpose Note and Security Agreement was not paid in full on August 13, 1995. According to the lender's counterclaim against the plaintiffs in the instant case, just over $102,000.00 is still owed because permanent financing was never sought and obtained by Denson or any of the other plaintiffs.

---

the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

**2.** *Merchants & Farmers Bank is a state chartered* bank. According to the Secretary of State for the State of Mississippi, Merchants & Farmers Bank, chartered in 1890, is headquartered in Kosciusko, Mississippi.

**3.** Title 38 U.S.C. § 3702(d) includes in the class of lenders entitled to make automatically guaranteed loans to veterans those state chartered banks subject to examination by any agency of the United States or the state.

**4.** Title 38 U.S.C. § 2102(a) provides in pertinent part that, "[t]he assistance authorized by section 2101(a) of this title shall be limited in the case of

any veteran to one housing unit, and necessary land therefore, . . . , but shall not exceed $38,000.00 in any one case. . . . "

**5.** Title 38 U.S.C. § 3703(a)(1)(A) provides in pertinent part that, "[a]ny loan to a veteran eligible for benefits under this chapter, if made for any of the purposes specified in section 3710 of this title and in compliance with the provisions of this chapter, is automatically guaranteed by the United ed States. . . . "

**6.** The plaintiff does not say whether a lawsuit was filed against the contractor in state court. On February 21, 1996, the plaintiff filed a lawsuit in federal court, Civil Action No. 3:96–cv–73WS against the contractor, Clarence Chinn, Jr. There is a motion in that lawsuit to dismiss for lack of subject matter jurisdiction.

On October 12, 1995, the Department of Veterans Affairs sent a letter to Denson listing the aforesaid disputes with the contractor. The letter, written by Bobbe Burkhalter, Chief of Loan Services & Claims, Property Management Section, acknowledged that these matters might be the subject of litigation between Denson and the contractor, but the letter also noted that these matters did not affect the ability of the plaintiff to live in the house. The letter informed the plaintiff that a representative would conduct a final compliance inspection of the house and that a report of substantial conformance would issue in the event the inspector found no other problems.

On November 2, 1995, the Department of Veterans Affairs mailed a letter and a copy of the final inspection report to the lender stating essentially that the plaintiff and the contractor were still embroiled in a dispute over the width of the sidewalk being six feet instead of seven feet; the omission of carpet on the porches; built-in appliances not being what the plaintiff specified; driveway turnaround moved from side to front due to slope of lot; and the dwelling being set back an additional fifty feet from the road. According to the letter, these deviations or substitutions ordinarily required that a change order be signed by the purchaser, the lender and the contractor before the Department of Veterans Affairs would issue a final report. Importantly, the letter says that, according to Mrs. Denson, the Densons desired to move into their new home "as it is;" that all of the disputed items were subject to litigation between the Densons and the contractor; that none of the special adaptation features of the house was affected by the dispute; that Denson had accepted the deviations; that Denson was going to pursue the contractor regarding the deviations; and that the Densons desired to "move forward with the loan closing." There is nothing in this letter to suggest that Denson planned to take action against the lender regarding the Densons' dissatisfaction with the contractor's performance. The letter leaves the impression that Denson and his family wanted to close the loan, obtain permanent financing and sue the contractor over the disputed items.

On November 6, 1995, the contractor, who had not been paid in full, placed a lien on the Denson's property for the balance he contended to be due and owing. On November 13, 1995, the lender—Merchants & Farmers Bank—informed Denson that the matter of the lien was an impediment which had to be resolved before the lender could proceed with closing and permanent financing.

On November 17, 1995, the lender's attorney informed Denson that no payments had been made on the plaintiff's temporary loan and that foreclosure proceedings would begin on December 15, 1995, if the plaintiff did not take steps to obtain permanent financing and pay the outstanding balance of the loan.

Then, on December 7, 1995, the lender sent Denson a copy of a Letter–Agreement which listed the disputed matters between the plaintiff and the contractor. The Letter–Agreement stated that Denson would agree to hold the lender harmless in his dispute with the contractor and that Denson desired to proceed with closing and permanent financing with the lender. Denson responded with a letter dated December 15, 1995, wherein he expressed his understanding that he would have to sign the Letter–Agreement and pay the contractor any balance due him in order to release the contractor's lien and proceed with closing and permanent financing. Denson stated that he would not agree to this and expressed his belief that he was being forced to sign under duress and in violation of his rights under Title 38 of the United States Code.

On December 15, 1995, prior to taking steps to consummate foreclosure, the lender's attorney asked the lender to explain the problem regarding the plaintiff's loan. The attorney was concerned that he might be improperly foreclosing a loan guaranteed pursuant to Title 38 U.S.C. §§ 3703 & 3710. The lender's fax to the attorney dated the same day explains to the attorney that there was no guarantee of the plaintiff's loan because the loan was never closed; because permanent financing was not obtained; because all liens were not paid; and because the title company had not issued an acceptable title commitment. The lender's fax also notes that the Letter–Agreement drafted by the lender's attorney had not been signed by

the plaintiff. Thus, according to the lender, Denson's failure to sign indicated that he did hold the lender responsible for the contractor's problems, even though it was the plaintiff who selected the contractor and even though the lender had nothing to do with constructing the plaintiff's house. If Denson would not close the loan and obtain permanent financing, then the lender would have to proceed with foreclosure of Denson's temporary construction loan.

Advised of these circumstances, on January 8, 1996, the lender's attorney notified Denson by letter that foreclosure was rescheduled for January 12, 1996. The notice informed Denson that if he had not taken the steps necessary to satisfy the outstanding loan by that date, then foreclosure would proceed as scheduled. In response, the plaintiff filed the instant lawsuit naming Merchants & Farmers Bank and two of its employees as defendants on January 11, 1996. The complaint states that the amount in controversy exceeds $50,000.00; that the plaintiff's cause of action is based on "Title 38, Chapter 37 of the United States Code"; that the plaintiffs' rights under the Fair Trade Commission Act have been violated by the defendants' unfair practices; and that the plaintiffs' constitutional rights have been violated. The defendants answered, generally denying the plaintiffs' claims, including the assertion that the loan in question was guaranteed by the United States, and asserting a counterclaim for the unpaid balance on the Multipurpose Note and Security Agreement, plus costs and attorney fees.

The defendants subsequently filed the instant motion for dismissal, arguing that the plaintiffs cannot raise a claim in this court under the Veterans Rehabilitation Act of 1973 because, pursuant to Title 38 U.S.C. § 511(a),[7] the Secretary of Veterans Affairs has exclusive jurisdiction over all veterans benefits claims. Similarly, the defendants argue that the Comptroller of Currency is the administrator charged by Title 15 U.S.C. § 57a(f)(1)[8] with enforcing the provisions of the Fair Trade Commission Act applicable to banking policies and practices. Finally, defendants point out that the plaintiffs do not allege any race or class-based animus, nor allege that the defendants are state actors or that defendants took any state action to deprive the plaintiffs of any constitutional right. Thus, conclude defendants, this court has no jurisdiction over this case under Title 28 U.S.C. § 1343(a)(1), (2) or (3).[9] Having heard the arguments of the parties, this court finds that the plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.

### APPLICABLE LAW

There is no diversity between the parties. Moreover, if the plaintiffs' claims are for

---

7. Title 38 U.S.C. § 511(a) provides that, "[t]he Secretary (of the Department of Veterans Affairs) shall decide all questions of law and fact necessary to a decision by the Secretary under a law *that affects the provision of benefits by the Secretary* to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question·shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."

8. Title 15 U.S.C. § 57a(f)(1) governs unfair or deceptive acts by **national** banks, savings and loan institutions, and federal credit unions, and provides that, "each agency specified by paragraph (2) or (3) of this subsection shall establish a separate division of consumer affairs which shall receive and take appropriate action upon complaints with respect to such acts or practices by banks or savings and loan institutions." The Merchants & Farmers Bank, being state chartered, is not an agency specified in paragraphs (2) or (3) of section 57a(f)(1).

9. Title 28 U.S.C. § 1343(a)(1), (2) and (3) provide that, "[t]he district courts" shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of United States by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover any damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

veterans benefits under Title 38, Chapter 37 of the United States Code, then plaintiffs are required by the very Act on which they have based their claims to pursue administrative remedies which are within the exclusive domain of the Secretary of the Department of Veterans Affairs. This they have not done. Thus, the defendants' motion to dismiss for lack of subject matter jurisdiction must be granted unless it can be shown that the plaintiffs have raised a constitutional claim which is actionable under federal law, or unless it can be established that the plaintiffs have some other federal right to pursue an individual cause of action under Title 38 against Merchants & Farmers Bank and its two employees named as defendants in this lawsuit.

### A. Claims Under Title 42 U.S.C. §§ 1983 & 1985

■ The plaintiffs' complaint asserts deprivation of constitutional rights, but nothing more. Title 42 U.S.C. § 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to recover under section 1983, a plaintiff must prove two vital elements: (1) that he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) that the persons depriving him of this right acted under color of any statute, etc., of a State, Territory or the District of Columbia. *See West v. Atkins,* 487 U.S. 42, 48–50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir.1988); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible. The party charged with the deprivation must be a person who may fairly be said to be a state actor. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *West v. Atkins,* 487 U.S. at 48–50, 108 S.Ct. at 2255. Merely pursuing foreclosure proceedings under state law does not make Merchants & Farmers Bank a state actor. *Earnest v. Lowentritt,* 690 F.2d 1198, 1201 (5th Cir.1982) (holding that the initiation of foreclosure proceedings pursuant to a mortgage implicates no authority of state law).

■ Furthermore, in order to state a claim under Title 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Deubert v. Gulf Federal Savings Bank,* 820 F.2d 754, 757 (5th Cir.1987), citing *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–57, 77 L.Ed.2d 1049 (1983). In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus. *Burns–Toole v. Byrne,* 11 F.3d 1270, 1276 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2680, 129 L.Ed.2d 814 (1994). In the instant case, the plaintiffs' complaint makes no reference to any class-based animus. The plaintiffs insist that their cause of action lies pursuant to Title 38, Chapter 37 of the United States Code.

■ The plaintiffs' complaint asserts none of the elements which comprise a claim of constitutional deprivation under section 1983 or 1985. The assertions made against the defendants are that foreclosure proceedings were initiated and that the defendants advised the plaintiffs to retain a specific attorney for the purposes of closing the sale whose fee was exorbitant.[10] The plaintiffs

---

10. Plaintiffs contend that Merchants & Farmers

Bank referred them to K.F. Boackle who wanted

also assert that they had no notice of the second scheduled date of foreclosure on January 12, 1996, but they do not assert that they knew nothing about the foreclosure. The plaintiffs filed this lawsuit on January 11, 1996, in order to stop that foreclosure. If the plaintiffs are challenging the formality of notice, that is a matter governed by state law which does not give rise to a constitutional claim under sections 1983 or 1985 of Title 42. This court is unpersuaded that any of the actions taken by the lender were pursued with the intent to deprive the plaintiffs of any constitutional rights. Thus, there is no foundation for predicating federal subject matter jurisdiction upon the plaintiffs' constitutional deprivation claims under Title 42 U.S.C. §§ 1983 and 1985.

### B. *Is Resort to § 1983 Foreclosed by Administrative Procedure?*

■  The defendants also argue that section 1983 is not available to enforce federal statutes such as the Federal Trade Commission Act either where Congress has foreclosed section 1983 enforcement in the enactment itself or where the statute does not create enforceable rights, privileges, or immunities within the meaning of section 1983. *See Victorian v. Miller,* 813 F.2d 718, 720 (5th Cir.1987), citing *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981); and *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981). Consequently, say defendants, the matter of unfair and deceptive practices charged in the plaintiffs' complaint is subject to Title 15 U.S.C. § 57a(f)(1) which provides the administrative mechanism for airing such complaints before the Comptroller of Currency. Defendants rely on that portion of the United States Supreme Court's opinion in *Sea Clammers* finding an intent to foreclose resort to section 1983 in the comprehensive remedial scheme expressly provided by Congress in the federal Clean Water Act. *Id.,* 453 U.S. at 19–23, 101 S.Ct. at 2626–27.

However, Title 15 U.S.C. § 57a(f)(1) is not applicable in the instant case because Merchants & Farmers Bank is a state chartered entity, not a national bank described in § 57a(f)(2). Thus, Merchants & Farmers Bank is not an agency directed by Title 15 U.S.C. § 57a(f)(1) to establish a division of consumer affairs to hear claims regarding unfair or deceptive practices. These administrative proceedings do not apply to this case and cannot serve as the basis for the contention that a congressional scheme has foreclosed the plaintiffs' resort to section 1983 or section 1985. Nevertheless, this court already has concluded that the plaintiffs' complaint fails to state a cause of action under sections 1983 or 1985; therefore, it is of no moment that 15 U.S.C. § 57a(f)(1) does not foreclose resort to § 1983 in the instant case.

■  The defendants' argument under *Middlesex* and *Victorian* fairs better with regard to the Veterans Rehabilitation Act. The Act, as amended, provides for sweeping administrative procedures regarding disputed claims for veterans benefits. The regulatory scheme promulgated by the Department of Veterans Affairs—*see* 38 C.F.R. §§ 36.4300 through 36.4393—governs all aspects of the loan guaranty process for financing dwellings to be occupied by veterans, including foreclosure procedures. The Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. *See* Title 38 U.S.C. § 511(a). An appeal from the Secretary's decision lies with the Board of Veterans' Appeals. Title 38 U.S.C. § 7104(a). The Board's decision may be appealed to the Court of Veterans Appeals, Title 38 U.S.C. § 7252(a), and then to the United States Court of Appeals for the Federal Circuit. Title 38 U.S.C. §§ 7252(c), 7292.

In 1988, Congress passed the Veterans' Judicial Review Act, Title 38 U.S.C. § 7251, which clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts. The VJRA

---

$3,000.00 in advance to represent the plaintiffs. Sylvia Crabtree with Merchants & Farmers Bank denies any specific referral. She says she provided the plaintiffs with a list of five of the bank's closing agents, any one of whom would have charged $350.00 to close the plaintiffs' loan.

also created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs. The Veterans Judicial Review Act allows veterans to appeal benefits determinations to the Board of Veterans' Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals. Congress expressly gave the Federal Circuit Court of Appeals "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *See Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir.1995).

Thus, an intent to foreclose resort to section 1983 in the comprehensive remedial scheme expressly provided by Congress easily may be inferred from the foregoing statutes and regulations. *See Smith v. Robinson*, 468 U.S. 992, 1012, 104 S.Ct. 3457, 3469, 82 L.Ed.2d 746 (1984) (holding that to allow a plaintiff to circumvent the Education of the Handicapped Act's administrative remedies by pursuing a § 1983 lawsuit would be inconsistent with Congress' carefully tailored scheme). This court agrees with the defendants that the Veterans Rehabilitation Act, together with the Veterans Judicial Review Act and the applicable federal regulations provide a carefully tailored scheme which may not be circumvented by resort to sections 1983 or 1985.

### C. May a Private Right of Action Be Inferred?

In the instant case, the plaintiffs have sued the Merchants & Farmers Bank and two of its employees, claiming that they are liable to the plaintiffs under Title 38, Chapter 37 of the United States Code. The Fifth Circuit has held that a district court has no jurisdiction over a veteran's action against the Secretary of the Department of Veterans Affairs or the Department's employees in their official capacities for alleged violations of the Veterans Rehabilitation Act. *See Zuspann v. Brown*, 60 F.3d at 1158; *see also Larrabee v. Derwinski*, 968 F.2d 1497, 1499–1501 (2d Cir.1992); and *Hicks v. Veterans Adminis-*

*tration*, 961 F.2d 1367, 1369–70 (8th Cir.1992) (a district court simply does not have subject matter jurisdiction to entertain a dispute over veterans benefits with the Department of Veterans Affairs). However, say defendants, the Fifth Circuit has yet to rule whether a veteran may bring a private action under Title 38 against a third party, such as Merchants & Farmers Bank, who has contracted with the Department of Veterans Affairs (the Escrow Agreement) for the benefit of the veteran. This court has found no Fifth Circuit authority on this point. However, the Escrow Agreement in the instant case was entered into between Denson, the contractor Clarence Chinn, and Merchants & Farmers Bank. The Department of Veterans Affairs is not a party to the Escrow Agreement, notwithstanding that the Agreement refers to the $38,000.00 being provided by the Department of Veterans Affairs to assist Denson in building specially adapted housing pursuant to the Veterans Rehabilitation Act, Title 38 U.S.C. § 2101. The foreclosure proceedings in question pertain to the Multipurpose Note and Security Agreement entered into between Denson and Merchants & Farmers Bank as a temporary loan to provide funds for construction, not to the Escrow Agreement. The instant case simply does not involve a contract entered into between Merchants & Farmers Bank and the Department of Veterans Affairs for the benefit of Denson. The plaintiffs' theory of their cause of action is not founded on this type of contractual arrangement.

While the plaintiffs' complaint says nothing about what veterans benefits have been denied Denson as the result of the actions of Merchants & Farmers Bank, a letter-brief sent to this court by the plaintiffs contends that any loan made to a veteran is automatically guaranteed by the government through the Department of Veterans Affairs if it is for the purpose of constructing a dwelling to be owned and occupied by the veteran as a dwelling, citing Title 38 U.S.C. § 3710(a)(1). The letter-brief also contends that the actions of the Merchants & Farmers Bank interfere with Denson's right to an automatic loan guarantee from the Department of Veterans Affairs.

The plaintiffs raise the possibility that rights under Title 38, Chapter 37 of the United States Code may be implicated, but, if these rights exist in the instant case, there is no showing that these are private rights. The plaintiffs offer nothing to show that this is a matter within the subject matter jurisdiction of this court rather than a matter to be resolved by the Department of Veterans Affairs. Even if the temporary loan in question is guaranteed as the plaintiffs suggest, there is still no subject matter jurisdiction in this court because the matter then would be subject to the regulatory scheme promulgated by the Department of Veterans Affairs— see 38 C.F.R. §§ 36.4300 through 36.4393, governing all aspects of the loan guaranty process for financing dwellings to be occupied by veterans, including foreclosure procedures.[11]

Additionally, the defendants cite the case of *Harris v. Adams*, 873 F.2d 929 (6th Cir. 1989), which holds that the Veterans Readjustment Assistance Act, Title 38 U.S.C. § 2011, and the Veterans Vocational Rehabilitation Act, Title 38 U.S.C. § 1500, do not authorize private causes of action. *Harris* relied on *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 811–13, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986), and *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to reach its conclusion that the statutes in question do not authorize private causes of action. The United States Supreme Court in *Cort*, and the cases following *Cort*, all focus upon the ultimate issue of whether it was Congress' intent to create a private remedy. *California v. Sierra Club*, 451 U.S. 287, 293–94, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981); *Rogers v. Frito Lay, Inc.*, 611 F.2d 1074, 1078 (5th Cir.1980), *cert. denied*, 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980). To that end, *Cort* set forth the following four factors: (1) whether the plaintiff is one of a class for whose especial benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such remedy; (3) whether such a remedy would be inconsistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law. *Cort v. Ash*, 422 U.S. at 78–79, 95 S.Ct. at 2088.

The defendants concede that Denson is a veteran and belongs to a class for whose especial benefit Title 38 U.S.C. § 2102 and the other applicable statutes under Title 38 were enacted. However, defendants contend that Denson and the other plaintiffs cannot show either congressional intent to create a private cause of action or that such a remedy would not be inconsistent with the underlying purpose of Title 38. This court agrees. As earlier stated, the Veterans Rehabilitation Act, together with the Veterans Judicial Review Act and the applicable federal regulations provide a carefully tailored scheme designed to address all questions of law and fact regarding veterans benefits. Permitting the plaintiffs in the instant case to pursue a private cause of action would circumvent the legislative purpose of the Veterans Rehabilitation Act and the applicable regulations. Furthermore, the matter of foreclosure is traditionally relegated to state law. *See Carter v. Derwinski*, 987 F.2d 611, 612 (9th Cir.) (citing 38 U.S.C. § 3720(a)(6)), *cert. denied*, 510 U.S. 821, 114 S.Ct. 78, 126 L.Ed.2d 46 (1993) (foreclosures must be done according to state law). Therefore, there is no basis for concluding that Congress intended to create a private cause of action in addition to the administrative procedures set forth in the Veterans Rehabilitation Act.

### D. Constitutional Challenge to Enabling Legislation

This court has subject matter jurisdiction over challenges to the constitutionality of veterans benefits legislation, *see Zuspann v. Brown*, 60 F.3d at 1159; and

---

**11.** "In the event of default on a VA-guaranteed loan, the VA orchestrates the foreclosure proceedings. The lender is required to give the VA thirty days' notice before foreclosing. 38 C.F.R. § 36.4317. The VA then has 15 days to instruct the lender on how to proceed. 38 C.F.R. § 36.4324. The lender conducts the foreclosure in accordance with state law where the property is located. See Title 38 U.S.C. § 3720(a)(6); 38 C.F.R. §§ 36.4319, 36.4320. If a deficiency remains after the foreclosure sale, the VA reimburses the lender up to the amount of the guaranty. 38 C.F.R. § 36.4321." *See Boley v. Brown*, 10 F.3d 218, 220 (4th Cir.1993).

*Disabled American Veterans v. U.S. Department of Veterans Affairs*, 962 F.2d 136 (2nd Cir.1992), but there is nothing in the plaintiffs' complaint to indicate that they are raising a facial challenge to any such legislation. Thus, there is no basis for predicating subject matter jurisdiction on this ground.

### CONCLUSION

Therefore, this court finds no basis for subject matter jurisdiction or a federal question in the instant case. The motion of the defendants to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is hereby granted. Inasmuch as this court concludes that no federal question is raised by the plaintiffs' complaint, this case is hereby dismissed for failure to state a claim upon which relief can be granted in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal of this cause shall be without prejudice.