**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40656
Summary Calendar

PAULINE B. PLOTT; JAMES DANNY PLOTT,

Plaintiffs-Appellants,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

(3:97-CV-10)

May 26, 1999

Before WISDOM[*], JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

The plaintiffs, Pauline and James Plott, filed a civil action against the United States for the wrongful death of James Franklin Plott, Pauline's husband and James's father. James Plott, who had a history of dementia and of running away from home and the hospital, had been confined at the Waco Veterans Administration Regional Hospital from 1991 until his death in 1996. On April 8, 1996, James Plott was killed when he was run over by an eighteen-wheeler truck in front of the VA hospital after having run away from hospital confinement. The Plotts filed this action, seeking

---

[*]Judge Wisdom authored this opinion prior to his death on May 15, 1999.

[**]In accordance with 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and it is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

governmental benefits under 38 U.S.C. § 1151, or, in the alternative, damages under the Federal Tort Claims Act. The magistrate judge granted the Government's motion for summary judgment, and the plaintiffs timely filed notice of appeal.[3] We affirm.

In an appeal from summary judgment, we review the record *de novo*, "examining the evidence in the light most favorable to [the Plotts], the nonmovant[s] below."[4] Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[5]

The Plotts first assert that the magistrate judge erred by dismissing their 38 U.S.C. § 1151 claim. This contention is unavailing. We do not have jurisdiction to consider individual veteran benefit decisions.[6] The Plotts are also misinterpreting the meaning of "compensation" under § 1151. The "compensation" permitted under § 1151 refers to monthly payments, not to wrongful death damages such as those requested by the Plotts.[7] Moreover, because Pauline Plott was already receiving monthly benefits under § 1151 at the time of the suit, the magistrate judge correctly concluded that her claim was moot. The magistrate judge did not err by dismissing the plaintiffs' claims for damages under § 1151.

The Plotts also challenge the district court's grant of summary judgment in favor of the Government on their Federal Tort Claims Act claims. Specifically, the Plotts allege that the magistrate judge abused his discretion by holding that the Plott's proposed expert witness, David S. Lopez, was not competent to render an opinion on the propriety of James Plott's placement in

---

[3] The parties agreed to have the case heard before the magistrate judge.

[4] *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted).

[5] Fed. R. Civ. P. 56(c).

[6] *See Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995), *cert. denied*, 516 U.S. 1111 (1996).

[7] *See* 38 U.S.C. § 101(13); 38 U.S.C. § 101(14)(A).

2

an "open ward" at the time of his death. This contention is also without merit. The district court's ruling regarding the admissibility of expert testimony is "protected by an ambit of discretion and must be sustained unless manifestly erroneous."[8] When determining whether a witness is qualified to express an expert opinion, the only question for the district court is whether the expert is genuinely qualified to render an opinion on the issue in question.[9] In the instant case, Lopez was not an expert in the fields of medicine or psychiatry. Lopez admitted that the decision whether to confine James Plott in a closed ward would have to be made by a doctor. He conceded that judgments and opinions about the mode of treatment James Plott should have received were outside his area of expertise and were better left to the discretion of medical professionals. Because the relevant question was whether James Plott's doctors made a reasonable decision in determining that he belonged in an open ward at the time of his death, the magistrate judge did not abuse his discretion in determining that Lopez was not competent to determine from a clinical standpoint whether that decision was reasonable. The Plotts therefore provided no competent expert testimony to refute the Government's declarations that the decision to keep James Plott in an open ward at the time of this death was reasonable. Under these circumstances, the Plotts have not established a genuine issue of material fact regarding negligence, and the magistrate judge properly granted summary judgment in favor of the Government.

AFFIRMED.

---

[8] *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1109 (5th Cir. 1991) (en banc).

[9] *Id.* at 1110.