IVERS, Judge, filed the opinion of the Court. KRAMER, Chief Judge, filed an opinion concurring in part and dissenting in part.
IVERS, Judge:
In a decision dated November 8, 1995, the Board of Veterans’ Appeals (BVA or Board) denied veteran Jackie C. West’s claim, filed pursuant to the provisions of the order entered by the United States District Court in Pacheco v. Department of *248 Veterans Affairs, No. C83-3098 (N.D.Ohio 1991) (Pacheco Order or Settlement), for entitlement to educational assistance under Chapter 34, Title 38, United States Code. See Record (R.) at 93-105. As discussed below, the Court’s jurisdiction to review this matter is established by 38 U.S.C. § 7252. For the reasons contained herein, the Court will affirm the Board’s November 1995 decision.
I. FACTS
The consent order issued in Pacheco permitted “certain Vietnam-era veterans who pursued a course or courses in an approved associate degree program predominately vocational in content at any time during the period January 1, 1982, through December 31, 1984, to obtain Chapter 34 educational benefits.” R. at 93; see 38 U.S.C. §§ 3461 and 3462. Certain provisions of Chapter 34 permit extensions of time periods, called delimiting periods, for using the statutory educational benefits. See 38 U.S.C. § 3462(a). The Pacheco Order, dated August 20, 1991, settled litigation that had arisen from a VA policy of denying delimiting period extensions to veterans pursuing courses as part of associate degree programs. See R. at 8.
In pertinent part, the Pacheco Order required VA to “post leaflets concerning this order, and make leaflets available, in all VA Regional Offices and in all VA Vet Centers.” R. at 99. The leaflets were to contain specific information for filing a claim pursuant to the Order, and were to be “posted[, with] a supply of leaflets [to] be conspicuously displayed at all times in each waiting room of each such facility for at least 12 months after the date of this order.” Id,.; see R. at 96, paragraph 2.(b).
The original claim for veterans benefits that underlies this appeal was initiated when the veteran submitted a “Pacheco Claim Letter,” apparently the above-referenced leaflet, or a part of it, to VA in August 1992. R. at 107. The veteran sought to “claim retroactive payment of VA educational benefits under the Pacheco settlement.” Id. His eligibility for Chapter 34 educational benefits had been established, and he' had received benefits from July 1980 to August 1980. R. at 89; see also R. at 7,12.
In a letter dated September 1992, a VA regional office (RO) informed the veteran that his claim for educational benefits under the Pacheco Settlement had been denied. R. at 121. In pertinent part, the letter read as follows:
To be eligible for benefits under this Settlement, your normal delimiting period for using your educational benefits following discharge from service must have expired before December 31, 198k-(A delimiting period is normally the ten years following a veteran’s discharge from active duty.) Our records reflect that your delimiting period ended on April 25, 1988. Since you would not have needed an extension of your delimiting period in order to pursue training, you are not eligible for benefits under the Pacheco Settlement.

Id.

After receiving the letter from the RO, the veteran sought review at the Board. See R. at 137-41; see also R. at 101 (provisions of Pacheco Order for adjudication of claims pursuant to VA policies and procedures consistent with title 38 of the U.S.Code). In the decision now on appeal, the Board likewise found that the veteran was not entitled to the relief afforded by the Pacheco Settlement because he did not meet the legal criteria for eligibility. R. at 7-9. At the outset of its decision, the Board noted that the Pacheco Order included the mandate that “[n]o decision on a claim made under this order shall be brought to the [U.S. Court of Appeals for Veterans Claims] for review.” R. at 101- *249 02; see R. at 5. The Board concluded that it would “advise the veteran of the procedures for obtaining review of the Board’s decision in this matter by the [Court] as required by law,” while also advising him that the Pacheco Order provided that he was barred from seeking review by the Court. R. at 5-6.
II. ANALYSIS
A. Jurisdiction
In light of the questions left open in the Board’s decision concerning jurisdiction, we must initially clarify the role of this forum and that of the U.S. District Court for the Northern District of Ohio (District Court) in this matter. Each court is a federal court with separately defined jurisdiction. See Skinner v. Derwinski, 1 Vet.App. 2, 3 (1990) (any federal court inferior to the Supreme Court exercises jurisdiction only as authorized by Congress). The District Court has jurisdiction to hear a facial challenge to a veterans benefits statute, but not a challenge to a denial of benefits under any veterans benefits statutes. Zuspann v. Brown, 60 F.3d 1156, 1158-61 (5th Cir.1995), cert. denied 516 U.S. 1111, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996). This Court is empowered, under the Veterans’ Judicial Review Act (VJRA), to exercise exclusive jurisdiction over appeals concerning denials of veterans benefits. Id. at 1158-59; see Pub.L. No. 100-687, 102 Stat. 4105 (1988); 38 U.S.C. § 7252.
When the District Court entered judgment based on the Pacheco Order, it ratified an out-of-court settlement that had been reached by the parties. The Pacheco consent order indicates that the underlying litigation had been a class action law suit that challenged a veterans educational benefits statute on its face. See R. at 104. The litigation commenced years prior to the VJRA and the establishment of this Court as the primary judicial forum for resolving matters involving veterans benefits. Id. (showing that class was certified in 1985). Nothing in the final Pacheco Order or the law concerning the District Court’s jurisdiction compels this Court to question the validity or enforceability of the provisions of that order concerning Chapter 34 extensions of delimiting dates (or periods) with respect to approved associate degree programs. See Zuspann, supra.
The provisions of the Pacheco Order concerning this Court’s jurisdiction, however, are null and void. The District Court overstepped its limited jurisdiction when it directed that Pacheco claimants were barred from seeking this Court’s review of a BVA denial of individual Pacheco claims. See Zuspann and Skinner, both supra; R. at 101-02, 104-05. Since this Court has “exclusive jurisdiction to review decisions of the [BVA],” we will proceed to consider the November 8, 1995, BVA decision that is the subject of this appeal. 38 U.S.C. § 7252.
B. Denial of Pacheco Claim
To be eligible for VA educational benefits pursuant to the Pacheco Order, the veteran would have had to have met the eligibility criteria set forth in that order. The Pacheco Order stated the following eligibility criteria:
The Vietnam-era veterans entitled to claim Chapter 34 educational benefits under this order are:
(i) All Vietnam-era veterans who applied to VA for a delimiting date extension during the VA extension policy period, who pursued a course or courses in an approved associate degree program at any time during the period the delimiting date extension provisions were in effect, but who were denied an extension by VA solely because of the VA extension policy; and
*250 (ii) All Vietnam-era veterans who pursued a course or courses in an approved associate degree program at any time during the period the delimiting date extension provisions were in effect, but who did not apply to VA for a delimiting date extension during the VA extension policy period solely because of the VA extension policy.
R. at 95-96. The order further provided that payment of benefits for those eligible for an extension under the terms of the order would be limited to courses pursued “during the period from January 1, 1982, through June 30,1985." R. at 98.
The Board stated the following reasons and bases for its conclusion that the veteran was not eligible for benefits pursuant to Pacheco:
[T]he veteran’s delimiting period was not to expire until April 24, 1988. Therefore, the veteran did not need to seek an extension of Chapter 34 entitlement since [his entitlement] was not in jeopardy of termination due to expiration of his delimiting date. As such, he has not met the threshold definition of a veteran entitled to make a claim for Chapter 34 benefits under the Pacheco Order. The remedy provided under that Order was designed to include only those veterans who would have otherwise been entitled to an extension of their delimiting dates for the purpose of applying their unused Chapter 34 entitlement toward courses in an associate degree program between January 1982 and December 1984 had the VA policy allowed extensions for course work in associate degree programs during that period. In other words, the veteran cannot claim that he has been injured by the prior VA policy which the Pacheco Order addressed since his delimiting date had not even expired during the period in question.
R. at 8-9.
The determination by the Board that the veteran did not meet the Pacheco eligibility criteria was a factual determination. Factual findings by the Board will not be overturned by this Court unless they are “clearly erroneous.” 38 U.S.C. § 7261(a)(4); Gilbert v. Derwinski, 1 Vet.App. 49, 53 (1990). Under the “clearly erroneous” standard, “if there is a ‘plausible’ basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them.” Id.
The Court finds that there was a plausible basis in the record for the Board’s denial of the veteran’s Pacheco claim, and that the Board’s decision was not “clearly erroneous.” The denial is supported by the facts that the veteran’s available delimiting period extension was to April 1988, and the Pacheco Order applied only to courses pursued through June 30, 1985. The Board correctly found that the veteran’s entitlement to Chapter 34 educational benefits was not in jeopardy of termination due to expiration of his delimiting date, and that he was not in the class of veterans that the Order was intended to protect.
The Court notes that the Board referred to the RO the matter of whether the veteran was entitled to “an extension of eligibility for vocational rehabilitation training under the provisions of Chapter 31, Title 38, United States Code, and 38 C.F.R. § 21.42(c)(1) (1994) because of his medical condition.” R. at 6.
III. CONCLUSION
Accordingly, the Secretary’s motion to dismiss is denied, and the November 8, 1995, BVA decision is AFFIRMED.