IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50879
Conference Calendar
_____

VICKIE GORDON,

                                        Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;
COUNTRYWIDE HOME LOANS, INC.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-138
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Vickie Gordon appeals the dismissal, without prejudice, of her claims against the United States Department of Veterans Affairs ("VA") and Countrywide Home Loans, Inc. ("Countrywide"). Gordon contends that the district court was without subject-matter jurisdiction over this action, which was filed originally in Texas state court. Gordon argues that 28 U.S.C. § 1442 does not authorize removal by a federal agency. Gordon's position is inconsistent with the plain language of 28 U.S.C. § 1442(a)(1),

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as well as our precedent.  See <u>Winters v. Diamond Shamrock Chem.</u>
<u>Co.</u>, 149 F.3d 387, 397 n.12 (5th Cir. 1998).

Gordon fails entirely to brief the question of whether the district court erred in its determination, under <u>Zuspann v.</u> <u>Brown</u>, 60 F.3d 1156 (5th Cir. 1995), that it lacked jurisdiction to consider certain claims, and she likewise fails to argue that the district court erred in its conclusion that the VA gave proper notice of an upcoming foreclosure sale.  Failure by the appellant to identify any error in the district court's analysis or application of the law to the facts of the case is the same as if the appellant had not appealed that judgment.  See <u>Brinkmann</u> <u>v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).  Gordon makes no argument that the district court erred in dismissing her claims against Countrywide, and therefore she has waived any argument she might have asserted as to this defendant.  See <u>Carmon v. Lubrizol Corp.</u>, 17 F.3d 791, 794 & n.6 (5th Cir. 1994).

AFFIRMED.