OPINION
PER CURIAM.
Steven Paul Fleming, proceeding pro se, appeals from the District Court’s dismissal of his complaint. For the reasons that follow, we will summarily affirm the judgment of the District Court.
Fleming filed a complaint in the United States District Court for the Eastern District of Pennsylvania on December 8, 2008 in which he alleged that the Veterans’ Administration (“VA”) misdiagnosed him with paranoid schizophrenia. He alleged that, as a result of this diagnosis, his career as an airline pilot was ruined. He sought damages for personal injury and lost wages. On May 28, 2009, the VA moved to dismiss. At no time did Fleming file a response or any document that could be construed as a response in the District Court. Accordingly, on June 24, 2009, the District Court granted the VA’s motion to dismiss as unopposed pursuant to Local Civil Rule 7.1(c).[1]
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We agree that the District Court acted within its authority to dismiss the complaint as unopposed pursuant to the Local Civil Rules. Additionally, we note that the District Court lacked subject matter jurisdiction over Fleming’s appeal. Through this action, Fleming seeks to challenge the VA’s diagnosis. The Veterans Judicial Review Act sets out a limited procedure for judicial review of decisions made by the Department of Veterans’ Affairs. See 38 U.S.C. § 511(a). First, the veteran must seek review within the agency by filing a notice of disagreement with the Board of Veterans Appeals. See 38 U.S.C. *739 § 7105(a). An appeal from the decision of the Board can only be taken to the Court of Appeals for Veterans Claims, which has exclusive jurisdiction over appeals from decisions of the Board of Veterans’ Appeals. See 38 U.S.C. § 7252(a). Thus, to the extent Fleming sought review of his diagnosis by the VA, the District Court could not have exercised subject matter jurisdiction over his claim. See Zuspann v. Brown, 60 F.3d 1156, 1159 (5th Cir.1995); Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir.1994).
Because this appeal presents no “substantial question,” we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

. Local Civil Rule 7.1(c) provides, in relevant part: "any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed.R.Civ.P. 56(c).”