# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2011

Lyle W. Cayce
Clerk

No. 11-30277
Summary Calendar

GARY DON THOMPSON,

Plaintiff-Appellant

v.

DEPARTMENT OF VETERANS AFFAIRS; OVERTON BROOKS VETERANS
AFFAIRS MEDICAL CENTER,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1818

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gary Don Thompson, Texas prisoner #1653843, moves for leave to proceed in forma pauperis (IFP) following the district court's dismissal of his civil tort action for lack of jurisdiction because Thompson failed to demonstrate that he had exhausted administrative remedies. The district court certified that Thompson's appeal was not taken in good faith and denied him leave to proceed IFP on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30277

When a district court certifies that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. CIV. P. 24(a)(3), a litigant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We may dismiss an appeal on consideration of an IFP motion if the appeal raises no arguable legal issues for appeal. *Id.* at 202 n. 24.

Federal courts lack subject matter jurisdiction over the benefits determinations of the V.A., with exceptions not applicable here. 38 U.S.C. § 511(a); *Zuspann v. Brown,* 60 F.3d 1156, 1158-59 (5th Cir. 1995). The district court was without subject matter jurisdiction over Thompson's action. We also lack subject matter jurisdiction. *See* § 511(a).

APPEAL DISMISSED.