

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2006

# Dambach v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2708

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dambach v. USA" (2006). *2006 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2708
_____

FREDERICK H. DAMBACH;
KYLE R. DAMBACH;
JUDITH A. DAMBACH,

Appellants

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS
_____

On Appeal From the United States District Court
for the District of New Jersey
(D.C. Civ. Nos. 05-03334, 05-03335, 05-03336)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2006

Before:  RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed: December 19, 2006)
_____

OPINION
_____

PER CURIAM

Frederick H. Dambach ("Mr. Dambach"), his wife, Judith A. Dambach, and his

son, Kyle R. Dambach, (collectively "the Dambachs") instituted separate civil actions arising from the same factual nexus against the United States and the United States Department of Veterans Affairs ("DVA"). Soon after the Dambachs filed their original complaints, each Dambach filed almost identical amended complaints.

Mr. Dambach's nine-year odyssey to win disability benefits from the DVA began in 1993. From 1993 until April 17, 2002, when the DVA ultimately awarded Mr. Dambach full disability benefits, the DVA denied his claim more than thirteen times. (Complaint at ¶¶ 27, 30.) See, e.g. Dambach v. Gober, 223 F.3d 1376, 1377-79 (Fed. Cir. 2000) (presenting further background and describing some aspects of the first seven years of decisions, appeals, reversals, and remands).

The Dambachs purported to bring their claims under the Federal Tort Claims Act ("FTCA") and the Fifth Amendment to the United States Constitution. (Complaint at ¶ 3.) The Dambachs summarized their complaint as follows:

> The gravamen of [the] complaint, is that for more than nine years, from 1993 to April 17, 2002, due to their gross negligence, wrongful acts, omissions, and frivolous conduct, in the scope of their official duties, while performing "Ministerial Acts" not subject to their discretion, certain DVA employees trampled [Mr. Dambach's] Constitutional Right to Due Process as guaranteed by the Constitution of the United States, by and through Deprivation of Property; that property being [Mr. Dambach's] "Property Interests" in his Service-connected disability benefits.

(Complaint at ¶ 28.)

The Dambachs generally alleged "gross negligence and other wrongful acts," "blatant omissions," and unspecified "numerous Outrageous and Tortious Acts" by the

2

DVA and its employees. (Complaint at ¶¶ 12, 21, 23, 24, 29.) They also more specifically alleged that Mr. Dambach's claim for benefits "was wrongfully denied more than thirteen times . . . [because of] the failure to consider established or admitted facts . . ., erroneous facts not in the record and finally and most importantly the failure to apply controlling federal statutory law." (Complaint at ¶ 30.) The DVA employees failed to apply "'the shifting of evidence rule' provided by 38 U.S.C. § 1154(b)." (Id. at ¶¶ 35-43.) The Dambachs sought significant money damages.

When neither Defendant responded to the Dambach's amended complaints within 60 days of service, the Dambachs requested that the District Court Clerk enter a default in each case pursuant to Federal Rule of Civil Procedure 55(a). The Clerk granted their requests. Shortly thereafter, Defendants moved to vacate the Clerk's entries of default and moved to consolidate the three cases. The District Court set aside the defaults, consolidated the three cases, and permitted Defendants to answer, move, or otherwise respond to the Dambachs' consolidated suit. (Order of Jan. 23, 2006.)

Defendants moved to dismiss the Dambachs' suit for lack of jurisdiction and for failure to state a claim. The District Court granted their motion, holding that sovereign immunity barred the Dambachs' claims "based on Defendants' alleged deprivation of their property rights without due process." (Memorandum, 4.) The Dambachs appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the order dismissing the Dambachs' action is plenary. See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Upon

3

review, we will affirm, albeit partially on grounds different from the basis on which the District Court relied.  See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that an appellate court may affirm on an alternative basis supported by the record).

We first consider whether the United States has waived sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 484 (1994).  Only if the United States has waived its immunity do we consider "whether the source of substantive law upon which the claimant relies provides an avenue for relief."  Id.  The FTCA generally permits claims against the United States for damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  State law provides the source of substantive liability under the FTCA. See Meyer, 510 U.S. at 478.  Because federal law is the source of liability for the deprivation of a federal constitutional right, the United States is not liable under § 1346(b) for constitutional tort claims.  See id. at 477-78.  Furthermore, in any event, the Dambachs could not bring their constitutional claims in a cause of action implied under Bivens v. Six Unknown Named Agents of the FBI, 403 U.S. 388 (1971).  A Bivens action is not available against the United States or one of its agencies.  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); Meyer, 510 U.S. at 486 & n.11; Jaffee v. United States,

4

592 F.2d 712, 717 (3d Cir. 1979). Accordingly, the District Court properly dismissed the Dambachs' constitutional claims.

However, we do not read the Dambachs' complaints so narrowly as to conclude that they only include claims of a constitutional tort. Although the common crux of the amended complaints is the allegation of a deprivation of due process, liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the complaints include claims that the United States and the DVA, through their employees, negligently handled and wrongfully denied Mr. Dambach's claim for benefits. More specifically, the Dambachs alleged that Defendants failed to consider established facts and to apply controlling federal statutory law, including a "shifting of evidence rule."

Before we even consider whether the Dambachs stated cognizable state law claims under the FTCA, we note that the only party potentially answerable for any injury is the United States. Although the FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees, a federal agency cannot be sued in its own name. See 28 U.S.C. § 2679(a); Meyer, 510 U.S. at 475-76; Nazzaro v. United States, 304 F. Supp. 2d 605, 616 (D.N.J. 2004). Accordingly, the District Court properly dismissed all claims against the DVA.

To the extent that the Dambachs pleaded claims beyond federal constitutional violations against the United States, we conclude that the District Court properly dismissed them, too, because the District Court was without subject-matter jurisdiction to consider them pursuant to 38 U.S.C. § 511. Section 511 provides that, subject to

5

exceptions not relevant here, the decision of the Secretary as to any question of law or fact necessary to a decision under a law that affects the provisions of veterans' benefits is final and conclusive and may not be reviewed by any court. 38 U.S.C. § 511. The Dambachs argue that § 511 is inapplicable because they do not challenge the ultimate DVA decision to grant benefits to Mr. Dambach. However, as described above, the Dambachs challenge earlier denials of a claim for benefits as well as related decisions on questions of fact and law. Such challenges are not within the purview of judicial review in the District Court.

Other courts have rejected similar claims. For example, in Menendez v. United States, a plaintiff alleged that the DVA was negligent in failing to determine initially or over twelve years of litigation that the plaintiff's condition was service-related, and that the DVA was negligent in maintaining and safe-keeping his medical records. See 67 F. Supp. 2d 42, 44 (D.P.R. 1999). The district court held that it was without jurisdiction to consider plaintiff's claims, however described, because the determination of the issue of negligence served as a precursor to a determination "regarding the propriety of the denial of benefits to plaintiff." Id. at 47. See also Thomas v. Principi, 394 F.3d 970, 975 (D.C. Cir. 2005) (describing as barred those claims based on an underlying denial of benefits); Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000) (per curiam) (holding that a district court was without subject-matter jurisdiction to determine whether the DVA acted "in bad faith or with negligence" because the district court would first need to determine whether the DVA properly handled a request for benefits); Weaver v. United States, 98

6

F.3d 518, 520 (10th Cir. 1996) (holding that a district court properly dismissed claims of conspiracy, fraud, and misrepresentation against the DVA because, through those claims, plaintiff sought review of actions taken in connection with the denial of a claim for benefits); Quarles v. United States, 731 F. Supp. 428, 431-32 (D. Kan. 1990) (holding that § 511 barred a claim for damages based on the alleged negligence of the National Archives in failing to maintain service records, because it related to the claim whether "but for the missing records, plaintiff should have been awarded disability benefits"). Cf. Murrhee v. Principi, 364 F. Supp. 2d 782, 789 (C.D. Ill. 2005) (holding that a district court has subject-matter jurisdiction over only one type of claim relating to veterans' benefits – "the facial constitutional challenge to the veterans' benefits statutes themselves").

For the reasons given above, we conclude that the District Court was without subject-matter jurisdiction to consider the Dambachs' claims. Accordingly, we will affirm the order dismissing their consolidated action. In doing so, we also conclude that the District Court did not err in entering its earlier order of January 23, 2006, vacating the entries of default.[1]

_____

[1]We consider but reject Defendants' argument that we do not have jurisdiction to consider the Dambachs' appeal from the January 23, 2006 order. Although Rule 3 of the Federal Rules of Appellate Procedure provides that a notice of appeal must "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), we liberally construe the Rule's requirements. See Pacitti v. Macy's, 193 F.3d 766, 776 (3d Cir. 1999). An appeal from a final judgment puts in question all earlier non-final orders. See id. at 776-77. We have reviewed orders not designated in the notice of appeal when "(1) there is a connection between the specified and unspecified order, (2) the intention to

7

A district court may set aside an entry of default for good cause shown. See Fed. R. Civ. P. 55(c); see also Fed. R. Civ. P. 77(c) ("[T]he clerk's action may be suspended or altered or rescinded by the court upon cause shown."). We review the District Court's order vacating the entries of default for abuse of discretion. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). In exercising its discretion to set aside a default, a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct. See id. at 195.

As the defaults were entered not long after the filing of the complaints, and as Defendants moved to vacate the defaults shortly after their entry, the Dambachs were not prejudiced by the order vacating the entries of default. Furthermore, Defendants, in

---

appeal the unspecified order is apparent, and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." See id. at 777.

In their notice of appeal, the Dambachs identify only the District Court's order granting Appellees' motion to dismiss. However, there is a connection between the specified order and the earlier order, as the District Court's order vacating the entries of default opened the way for Defendants to move to dismiss the Dambachs' suit. Defendants had notice of the Dambachs' intent to appeal the earlier order because the Dambachs argued the merits of the order vacating the entries of default in their opening appellate brief. See Pacitti, at 193 F.3d at 777. Furthermore, the Dambachs previously sought to appeal the order vacating the entries of default. Defendants do not appear prejudiced, and they have taken advantage of a full opportunity to brief the issues. Accordingly, we will review the District Court's order vacating the entries of default.

8

essence, had a meritorious defense to the action - one that the District Court would have been obligated to consider <u>sua</u> <u>sponte</u> before entering default judgment - the lack of subject-matter jurisdiction.  <u>See</u> <u>also</u> Fed. R. Civ. P. 55(e).  Also, Defendants' failure to timely answer or otherwise respond to the complaint did not result from culpable actions (such as willful or bad faith conduct or deliberate trial strategy, <u>see</u> <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120, 124 (3d Cir. 1983); <u>Zawadski De Bueno v. Bueno Castro</u>, 822 F.2d 416, 419 (3d Cir. 1987)); it resulted from an oversight in light of the sudden hospitalization of counsel's parent.  Defendants do not appear to have perpetuated a fraud on the court, as the Dambachs insist.  Accordingly, the District Court did not abuse its discretion in vacating the entries of default.

In sum, although the Dambachs are understandably distressed by the lengthy process they endured to recover Mr. Dambach's disability benefits, they do not have a right to recover against the United States on the theories they presented to the District Court.  As we explained, the District Court lacked subject-matter jurisdiction to consider their claims.  Accordingly, we will affirm the District Court's dismissal.