**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2013

No. 12-60835

Lyle W. Cayce
Clerk

PHILLIP M. KING,

Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; ERIC K.
SHINSEKI, in his official capacity as Secretary of the United States Department
of Veterans Affairs; UNITED STATES DEPARTMENT OF LABOR; HILDA L.
SOLIS,  in her official capacity as Secretary of the United States Department of
Labor; JOHN DOES 1-10; UNITED STATES OF AMERICA,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

Before ELROD and HIGGINSON, Circuit Judges, and MARTINEZ, District
Judge.[*]

JENNIFER WALKER ELROD, Circuit Judge:

This is an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.
§§ 1346(b)(1), 2671–80 (2006), in which Philip M. King ("King") seeks
compensatory damages for loss of property and personal injuries allegedly
caused by the negligence and malice of the United States Department of
Veterans Affairs and others (collectively, "the VA").  The VA moved to dismiss

[*] District Judge of the Western District of Texas, sitting by designation.

No. 12-60835

King's claims, contending that the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511 (2006), and alternatively the United States' sovereign immunity, barred the district court from exercising jurisdiction over King's claims. The district court granted the VA's motion to dismiss. We AFFIRM.

I.

King suffered injury in Iraq while serving in the United States Armed Forces. Based on his diagnosis of ruptured discs in his neck and back, radiculopathy, and nerve entrapment in his arms and legs, King applied for veterans' benefits. In January 2006, the VA awarded him benefits based on an 80% service-connected disability rating. King disagreed with his rating, believing it should be increased to 100%; accordingly, he submitted additional information in support of an increase, including his status as a recipient of workers' compensation benefits through his private insurance company. In July 2007, rather than increasing King's disability rating, the VA terminated his benefits based on an apparent misunderstanding regarding his ability to receive simultaneously VA benefits and workers' compensation benefits under the Defense Base Act, 42 U.S.C. § 1651 (2006).

In seeking reinstatement of his benefits, King submitted to the VA letters of support from both the Department of Labor and his private insurer. The VA did not change its decision, however. To the contrary, it attempted to recover from King the benefits it previously paid to him. King continued his attempts to resolve the situation with phone calls, letters, e-mails, and additional documentation. King also submitted a Freedom of Information Act (FOIA) request related to his benefits. Eventually, King spoke on the telephone with an

No. 12-60835

attorney for the VA who took action to reinstate King's benefits.[1] In March 2008, eight months after it terminated King's benefits, the VA retroactively awarded King a 100% disability rating and reinstated his benefits based on that rating. King alleges that the VA sent him a letter admitting that it had "erroneously terminated [his] benefits," but he concedes that the VA eventually paid him all of the correct back payments and interest.

King filed an administrative claim in 2010. He alleged that the VA acted unlawfully and that he sustained damages based on the loss of his benefits for eight months. After hearing nothing in response to his administrative claim, King sued the VA in May 2011, asserting state-law tort claims.[2] The VA moved to dismiss King's claims for lack of subject-matter jurisdiction under Rule 12(b)(1). It contended that King's exclusive avenue for redress was by appeal to the United States Court of Appeals for Veterans Claims, and that sovereign immunity barred King's state-law tort claims. The district court agreed. It granted the VA's motion to dismiss, concluding that (1) the VJRA foreclosed it from exercising jurisdiction over King's claims, and (2) alternatively, the United States' sovereign immunity barred King's claims because they fell within an exception to the FTCA's waiver of immunity. King timely appealed.

---

[1] According to King, the General Counsel's Office sent the Jackson Regional Office a letter explaining that King was receiving workers' compensation benefits pursuant to the Defense Base Act, so he could receive both his VA benefits and workers' compensation benefits.

[2] Although King originally asserted claims against individual persons, the United States is the proper and exclusive defendant for his claims under the FTCA. *See Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States." (citation omitted)). Therefore, the district court correctly concluded that King's FTCA claims against all Defendants except the United States should be dismissed for lack of subject-matter jurisdiction.

No. 12-60835

## II.

We review de novo the district court's dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (citations omitted). As the party asserting jurisdiction, King "bears the burden of proof for a 12(b)(1) motion to dismiss." *See id.* (citation omitted). To meet that burden, King "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *See id.* (citation omitted). We may determine that subject-matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Ultimately, we may affirm the district court's dismissal on any ground the record supports. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

## III.

King's arguments fall into two categories relevant to our decision: First, King contends that the district court erred in holding that it lacked subject-matter jurisdiction based on the VJRA. Second and alternatively, King asserts that the Administrative Procedure Act ("APA") provides a basis for the district court to assert jurisdiction over his claims. For the reasons below, we conclude that the district court correctly rejected these arguments and dismissed King's claims.[3]

---

[3] King also contends that the district court erred in holding that it lacked subject-matter jurisdiction under the FTCA. We need not address this issue, however, because we conclude that the district court correctly dismissed King's claims based on the VJRA.

No. 12-60835

A.

The VJRA cabins judicial review of veterans' benefits determinations. Specifically, section 511(a) provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and *may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (2006) (emphasis added).[4] As this court explained in *Zuspann v. Brown*, other provisions in the VJRA establish "an exclusive review procedure" for veterans to appeal benefits decisions:

> The VJRA allows veterans to appeal benefits determinations to the Board of Veterans' Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals. Congress expressly gave the Federal Circuit Court of Appeals "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."

60 F.3d 1156, 1158–59 (5th Cir. 1995) (footnotes omitted). Under these provisions, the district court lacked jurisdiction if King's claims amounted to an appeal of the VA's benefits decisions. The district court concluded that they did, and we agree.

King's primary argument on appeal is that the district court need not delve into the VA's benefits decisions because the VA admitted that it

---

[4] Section 511(b) lists several exceptions to this provision, but King does not allege that his claims fall within any of them.

No. 12-60835

"erroneously terminated [his] benefits." Even if the VA admitted error, however, it did not admit to negligence, much less malice. To award King damages based on his complaint, the district court would have to analyze whether the VA's agents knew or should have known that the denial of King's benefits was wrong. That analysis would involve questions of law and fact related to the VA's benefits decisions, and those are issues that section 511 places outside the district court's jurisdiction. Persuasive authority illustrates this point.

The Third Circuit's decision in *Dambach v. United States* is particularly instructive. 211 F. App'x 105 (3d Cir. 2006) (unpublished but persuasive). There, a veteran endured a "nine-year odyssey to win disability benefits from the [VA]." *Id.* at 106. He then sued the VA under the FTCA, alleging that his claim for benefits "was wrongfully denied more than thirteen times . . . [because of] the failure to consider established or admitted facts . . . and finally and most importantly the failure to apply controlling federal statutory law." *Id.* at 107 (alterations in original). In affirming the district court's dismissal based on section 511, the *Dambach* court reasoned that the veteran's claims fell outside the district court's jurisdiction because they "challenge[d] earlier denials of a claim for benefits as well as related decisions on questions of fact and law." *Id.* at 108. The same holds true here. King bases his claims on the VA's earlier denials of his benefits. Moreover, just as the veteran in *Dambach* challenged the VA's "failure to consider established [and] admitted facts . . . [and] to apply controlling federal statutory law," *id.* at 107, King challenges the VA's failure to consider the facts in his letters and e-mails and to apply correctly the Defense Base Act.

The district court's dismissal also comports with the reasoning in *Price v.*

6

No. 12-60835

*United States*, 228 F.3d 420, 421–22 (D.C. Cir. 2000). The veteran in *Price* sued the VA alleging that it wrongfully failed to comply with its legal obligation to reimburse him for certain medical expenses and caused him additional harm when it sought to collect unpaid medical bills on behalf of medical service providers. 228 F.3d at 421. In affirming the district court's dismissal of the veteran's claims for lack of subject-matter jurisdiction, the *Price* court explained that section 511 foreclosed judicial review because deciding "whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling Price's request for reimbursement." *Id.* at 422. King's claims, like the veteran's claims in *Price*, call for the district court to determine whether the VA acted properly in handling his requests for benefits. *See id.* King essentially seeks district court review of the VA's actions in connection with the denial of his benefits, but section 511 prohibits such review. *See id.*; *see also Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996) (holding that a district court properly dismissed a veteran's claims against the VA for conspiracy, fraud, and misrepresentation because, through those claims, the veteran sought "review of actions taken in connection with the denial of [his] administrative claim for benefits").

The cases that King relies on are distinguishable. *See Thomas v. Principi*, 394 F.3d 970, 974–75 (D.C. Cir. 2005) (allowing a plaintiff to proceed on a claim that the VA failed to inform him of a schizophrenia diagnosis because the claim would not require the court "to determine first whether the VA acted properly in handling [his] benefits request"); *Cortes Castillo v. Veterans Admin.*, 433 F. Supp. 2d 221, 224–25 (D.P.R. 2006) (concluding that section 511 did not bar

No. 12-60835

claims based on doctor's alleged negligence in issuing a psychiatric evaluation with no medical basis because the claims did not challenge the factual or legal determinations upon which the VA awarded benefits). In *Thomas* and *Cortes Castillo*, the courts concluded that section 511 did not apply because the claims at issue did not challenge the propriety of the VA's handling of a veteran's benefits. *See Thomas*, 394 F.3d at 974–75; *Cortes Castillo*, 433 F. Supp. 2d at 224–25. Here, by contrast, King's claims would require the district court to assess the VA's benefits decisions. Therefore, we agree with the district court that it lacked subject-matter jurisdiction under the VJRA to adjudicate King's claims. *See Dambach*, 211 F. App'x 107–08; *Price*, 228 F.3d at 422; *Weaver*, 98 F.3d at 519–20.

## B.

As an alternative argument to establish the district court's jurisdiction over his claims, King urges that his complaint "implicitly" invoked provisions in the APA.[5] The district court rejected King's attempt to rely on the APA because (1) King's complaint makes no reference to jurisdiction under the APA; and (2) the APA does not waive sovereign immunity from monetary damages awards. The district court's first reason is not sufficient to conclude that King cannot rely on the APA to show jurisdiction. *See Taylor-Callahan-Coleman Cntys. Dist.*

---

[5] King also asserts that FOIA provides an "additional" basis for the district court's jurisdiction over his claims because the VA removed "certain key documents from his FOIA packet." As the district court noted, however, neither King's complaint, nor any of his briefing in the district court addressed a FOIA claim. Therefore, King has waived any FOIA claim he might have had and may not rely on FOIA to demonstrate the district court's jurisdiction. *See, e.g.*, *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 358 n.12 (5th Cir. 2011) (unpublished but persuasive) (concluding that a plaintiff waived an argument "by failing to raise it below in response to Defendants' motion to dismiss" (citing *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701 (5th Cir. 2004))).

No. 12-60835

*Adult Probation Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991) (recognizing that the "failure to cite a specific jurisdictional grant in [a] complaint does not defeat jurisdiction" (citation omitted)).   Nevertheless, for the second reason in the district court's order, King's attempt to rely on the APA is unavailing: his complaint seeks exclusively money damages, and the APA waives sovereign immunity only for claims "seeking relief *other than money damages*."  5 U.S.C. § 702 (2006) (emphasis added); *see Armendariz-Mata v. U.S. Dep't of Justice, Drug Enforcement Admin.*, 82 F.3d 679, 682 (5th Cir. 1996) ("[W]hen the substance of the complaint at issue is a claim for money damages, the case is not one covered by [the APA], and, hence, sovereign immunity has not been waived." (citation omitted)).

## IV.

For the reasons above, we AFFIRM the district court's dismissal of King's claims.