**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3790
_____

KENNETH MURCHISON,
                                             Appellant

v.

WARDEN LEWISBURG USP; UNKNOWN MEMBERS OF THE SORT TEAM;
PHYSICIANS ASST. POTTER; DR. PIGOS; LT. SEBA; LT. SHERMAN;
COUNSELOR  METZGER; EMT  MCCLINTOC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-02285)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2014
Before:  CHAGARES, GARTH and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 8, 2014)
_____

OPINION
_____

PER CURIAM

Kenneth Murchison, proceeding pro se and in forma pauperis, appeals from the

United States District Court for the Middle District of Pennsylvania's order dismissing

his complaint in part and granting summary judgment in favor of Defendants in part. For the following reasons, we will affirm in part, vacate in part, and remand.

I.

In December 2011, Murchison filed a pro se civil complaint in the District Court. Murchison indicated in the caption of the complaint that he was bringing suit pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Murchison named a variety of individuals as defendants, including officials at United States Penitentiary Lewisburg, where he was an inmate. In his complaint, Murchison alleged that during May 16-18, 2011, Defendants injured him through the use of excessive force, unlawful restraint, sexual assault, the denial of medical care, the denial of food and water, and torture. Murchison sought injunctive relief and damages.

In January 2012, the Magistrate Judge issued a report and recommendation, which the District Court adopted, dismissing with prejudice Murchison's claims for money damages against Defendants in their official capacities, dismissing with prejudice claims against certain individuals, and dismissing without prejudice constitutional claims against the remaining defendants. Murchison filed his first-amended complaint in April 2012. That complaint listed the remaining individual defendants and added as a defendant the Federal Bureau of Prisons ("BOP"). The complaint indicated in the caption that Murchison was bringing suit pursuant to Bivens. The claims raised in the complaint related to the May 2011 incident, and Murchison indicated that all violations were

asserted under the Eighth Amendment.  However, Murchison referenced the "Tort Claim Act" and cited 28 U.S.C. § 501, which provides that the Department of Justice, of which the BOP is a part, is a U.S. executive department.  In June 2012, the Magistrate Judge filed a report and recommendation, which the District Court adopted in part and rejected in part.  As the Magistrate Judge recommended, the District Court ordered that the claims against the BOP be dismissed with prejudice because the BOP is not a proper defendant in a Bivens action.  The Magistrate Judge also found that it would be futile to allow Murchison to amend his pleading as to the BOP.  The District Court allowed Murchison's claims against the remaining individual defendants to proceed.

After the filing of the June 2012 report and recommendation, but before the District Court partially adopted it, Murchison filed a second-amended complaint.  In that complaint, Murchison removed the BOP from the list of defendants.  In the caption, Murchison again indicated that he was bringing suit pursuant to Bivens, but he also indicated that he sought relief under the FTCA.  The complaint focused on the May 2011 incident and included for the first time claims related to a similar allegation of excessive force and retaliation that occurred on June 17, 2012.  Murchison still sought injunctive relief and damages.

Defendants filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and, in the alternative, a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  In an August 2013 report and

3

recommendation, the Magistrate Judge recommended dismissing any claim that Murchison attempted to raise under the FTCA because he did not name the United States as a defendant. The Magistrate Judge also recommended granting summary judgment in favor of Defendants as to the Bivens claims, concluding that Murchison failed to exhaust his administrative remedies. Over Murchison's objections, which included a specific request for an opportunity to amend his complaint to add the United States as a defendant, the District Court adopted the report and recommendation, dismissed Murchison's complaint as to his FTCA claims, and granted Defendants summary judgment as to the Bivens claims. Murchison timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over both the District Court's dismissal order and the order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because the District Court's dismissal order did not indicate whether the dismissal was with or without prejudice, we treat it as an "adjudication on the merits." Fed. R. Civ. P. 41(b). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is proper only when

4

the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

A.    *Bivens* Claims

The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to federal prisoners, like Murchison, seeking relief through a Bivens action. See Nyhuis v. Reno, 204 F.3d 65, 68-70 (3d Cir. 2000). The record confirms that Murchison filed numerous requests for administrative remedies during the period between when he alleged his claims first arose and the filing of his complaint. However, none of the requests that Murchison properly submitted to the Central Office of the BOP, see 28 C.F.R. § 542.15(a), addressed the claims raised in his complaint.[1] Accordingly, Murchison failed to exhaust his administrative remedies and the District Court properly granted summary judgment in favor of Defendants as to the Bivens claims.

---

[1] During the same time period, Murchison filed other administrative remedy requests with the Central Office, but they were rejected as improperly submitted. While it is not clear from the record whether those requests pertained to the claims raised in the complaint, it is inconsequential because those rejected requests cannot be used to satisfy the PLRA's exhaustion requirement. See Woodford v. Ngo, 548 U.S. 81, 93 (2006); Spruill v. Gillis, 372 F.3d 218, 230-31 (3d Cir. 2004) (discussing the PLRA's procedural default component).

5

B.   FTCA Claims

The only proper defendant in a suit pursuant to the FTCA is the United States. See King v. U.S. Dep't of Veterans Affairs, 728 F.3d 410, 413 n.2 (5th Cir. 2013); CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008).  Insofar as Murchison attempted to raise FTCA claims in his second-amended complaint, he failed to do so because only individuals were named as defendants.  Accordingly, the District Court lacked subject matter jurisdiction over any claims raised under the FTCA and dismissal was appropriate. See Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985) ("[T]he FTCA does not grant federal courts jurisdiction over actions against individual defendants such as federal employees.").

In his objections to the August 2013 report and recommendation, Murchison stated that given the Magistrate Judge's conclusion that his complaint failed to state an FTCA claim, he should be allowed to "seek Leave to Amend His Complaint, and re-instate the United States as a Defendant."  In a case such as this, where a plaintiff has already amended his complaint once as a matter of course, the plaintiff may amend only with leave of court or consent from the opposing party, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The District Court did not address Murchison's request and dismissed his FTCA claims.

Generally, we review the denial of a request for leave to amend for abuse of discretion, "and there is none where pleading deficiencies would not have been remedied

6

by proposed amendments." Kanter v. Barella, 489 F.3d 170, 181 (3d Cir. 2007). However, where, as here, the District Court did not determine whether leave to amend would have been futile our review is de novo. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). "[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Id. at 235; see also Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). Here, the District Court did not address Murchison's request for leave to amend, and failed to either inform him that he had the opportunity to amend his complaint or determine that amendment would have been inequitable or futile. Given these circumstances, we will remand in order that the District Court grant Murchison leave to amend, unless an amendment would be inequitable or futile.

IV.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings. Murchison's motion for an extension of time to file a reply brief is granted.