BLD-218                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3077
_____

KENNETH MURCHISON,
                                                        Appellant
v.

WARDEN LEWISBURG USP; UNKNOWN MEMBERS OF THE SORT TEAM;
PHYSICIANS ASSISTANT POTTER; DR. PIGOS; LT. SEBA;
WARDEN  THOMAS; LT.  SHERMAN, Correction Officer;
COUNSELOR METZGER; EMT MCCLINTOC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-02285)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 5, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kenneth Murchison, an inmate proceeding pro se, appeals the District Court's judgment dismissing the only claim remaining in his civil rights lawsuit and denying him leave to amend. We will affirm.

As we write primarily for the parties, who are familiar with this case, we need not recite the entire procedural or factual background. Murchison's operative complaint alleged causes of action "under the Federal Tort Claims Act" and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), stemming from two incidents. In the first, Murchison alleged that prison staff sexually assaulted, tortured, and then intentionally injured him by binding him too tightly in restraints, which resulted in restricted blood flow. He also alleged that, while he was restrained, prison staff "forcefully [and] willfully stabb[ed] him with a diabetic lancet." And in connection with the first incident, Murchison alleged that prison staff retaliated against him by illegally reducing his pain medication. In the second incident, Murchison alleged that prison staff, intentionally and with an intent to injure him, restrained him in a way that cut off blood circulation, and caused nerve damage, bruising, and scarring. Murchison claimed that these incidents violated his rights under the First and Eighth Amendments.

The Magistrate Judge screened Murchison's complaint as is required under 28 U.S.C. § 1915A. The Magistrate Judge recommended dismissing any claim under the FTCA because Murchison did not name the United States as a defendant and, in addition, he only alleged constitutional tort claims. The Magistrate Judge recommended

2

dismissing the remaining claims, under Bivens, because Murchison failed to exhaust them.

Murchison moved to amend his complaint to name the United States as a defendant. Without ruling on the motion, the District Court adopted the Magistrate Judge's recommendation and entered judgment against Murchison. We affirmed the dismissal of the constitutional claims. However, because the District Court did not address Murchison's motion to amend his complaint, we vacated in part and remanded to the District Court to grant Murchison leave to amend his FTCA claim unless the District Court found that amendment would be inequitable or futile. Murchison v. Warden Lewisburg USP, 566 F. App'x 147, 150 (3d Cir. 2014)

On remand, the District Court determined that amendment would be futile because, while this case was pending on appeal, Murchison filed another complaint in which he alleged an FTCA claim that names the United States as a defendant for the same torts. Moreover, Murchison's complaint in this case alleged only constitutional tort claims, which are not cognizable under the FTCA. Accordingly, the District Court entered judgment against Murchison.

Murchison appealed. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the District Court's decision to deny Murchison an opportunity to amend his complaint. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court did not abuse its discretion in denying as futile leave to amend Murchison's FTCA claim. Even if, as Murchison requested, the District Court permitted him to file a new complaint naming the proper defendant, his claims are only for constitutional torts—namely, violations of his First and Eighth Amendment rights—which are not cognizable under the FTCA. See Couden v. Duffy, 446 F.3d 483, 199 (3d Cir. 2006). Moreover, even if Murchison's claims were framed in state tort law, and not as constitutional torts, his claims would not be cognizable under the FTCA because he alleged intentional torts only; and intentional torts are not cognizable under the FTCA. 28 U.S.C. § 2680(h); see also Levin v. United States, 133 S.Ct. 1224, 1228 (2013). In other words, amendment would have been futile because Murchison's amended complaint would fail to state a claim under the FTCA. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (defining futility). Accordingly, we will affirm the judgment of the District Court. Furthermore, we deny Murchison's request "to re-asses [sic] and reconsider his changed or morfed [sic] financial obligations."