

## NUMBER 13-18-00303-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE RANDALL BOLIVAR

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides[1]

Relator Randall Bolivar, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 13, 2018. Through this original proceeding, relator contends that he is entitled to mandamus relief voiding a warrant. The purpose of the petition for writ of mandamus was to "correct Bolivar's Fugitive Felon status in his U.S. Department of Veteran's Affairs . . . claims for Disability Compensation Benefits and Payments for the Relator and his minor children, which are being denied due to . . . incorrect information."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

This Court requested that the State of Texas, acting by and through the District Attorney of Kleberg County, Texas, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. In response, the State asserts that the trial court properly issued a capias when Bolivar failed to appear in court and he was returned to Kleberg County pursuant to the capias. According to the State, the trial court lacked a ministerial duty to withdraw the capias when relator was arrested in another jurisdiction. The State ultimately asserts that this mandamus is moot.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Further, to the extent that relator may be seeking relief against the United States Department of Veterans Affairs, we note that, with limited exceptions, we lack jurisdiction to review administrative decisions pertaining to the denial of veterans'

2

benefits.  *See* 38 U.S.C. § 511(a) (West, Westlaw through P.L. 115-193); *King v. U.S.*

*Dept. of Veterans Affairs*, 728 F.3d 410, 412 (5th Cir. 2013).


                                       GINA M. BENAVIDES,
Justice


Delivered and filed the
11th day of July, 2018.

3