# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2025

Lyle W. Cayce
Clerk

No. 24-20161

Benjamin LaCount, II,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1646

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Benjamin LaCount II brought this action under the Federal Tort Claims Act alleging that the United States Department of Veteran Affairs (VA) negligently terminated his vocational-rehabilitation benefits. On the Government's motion, the district court dismissed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20161

LaCount's claim for want of subject matter jurisdiction. LaCount noticed this appeal.[1]

The Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511(a), "cabins judicial review of veterans' benefits determinations." *King v. United States Dep't of Veterans Affairs*, 728 F.3d 410, 413 (2013). Section 511(a) provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and *may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

*Id.* at 413–14. "To determine whether the district court correctly dismissed this case under § 511(a), we ask one question: whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). If the former, "then the district court has jurisdiction to hear his case." *Id.* "If, on the other hand, [LaCount] challenges the VA's decision to deny him benefits, the district court does not have jurisdiction and properly dismissed his complaint." *Id.*

---

[1] Within 28 days of the district court's dismissal of his claims, LaCount moved for reconsideration, citing Federal Rules of Civil Procedure 52 and 60(b). He then noticed this appeal before obtaining a ruling on that motion. Because LaCount's appeal was thus premature, *see* FED. R. APP. P. 4(a)(4)(B)(i), we remanded for the limited purpose of allowing the district court to rule on the motion for reconsideration. The district court denied the motion on November 18, 2024, such that LaCount's notice of appeal became effective thereafter, and the case is now ripe for disposition.

2

No. 24-20161

Even giving LaCount the benefit of liberal construction afforded to *pro se* litigants, *see Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022), he does not articulate a facial attack on the constitutionality of any statute. At bottom, his claim is a challenge to the VA's decision to terminate his benefits. Therefore, the district court lacked jurisdiction and properly dismissed LaCount's claim.

AFFIRMED.