# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50120

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2025

Lyle W. Cayce
Clerk

MICHAEL C. SMART,

*Plaintiff—Appellant*,

*versus*

UNITED STATES OF AMERICA,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CV-319

———————————————————————

Before DAVIS, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

After the Department of Veterans Affairs (VA) allegedly denied him mental health treatment, Michael C. Smart (Smart) sued the United States under the Federal Tort Claims Act (FTCA) for medical negligence. The district court denied his motion for recusal and dismissed his claim for lack of jurisdiction and failure to state a claim. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50120

## I

Smart is a veteran of the Gulf War who sought assistance from the VA "for mental health, alcoholism, and homelessness issues." "[S]erious bouts of mental health issues" led the VA to place Smart "on a potential violence list" and require that he be escorted by an armed police officer while on VA property.

In October 2010, Smart was charged with assaulting a federal officer. Because his conditions for pretrial release included mental health treatment, Smart began seeing a mental health specialist, Ray Leal. Smart was ultimately convicted and sentenced to a term of imprisonment. Upon release from prison, Smart resumed his treatment with Leal. Smart initially paid for the treatment himself, but he later obtained approval from the VA to continue his treatment with Leal, who also treated other veterans. To maintain VA approval for continued treatment by Leal, Smart visited a VA office biannually for the next eight years. At each visit, he was escorted by one or two armed officers.

In 2021 or 2022, Leal told Smart that he could no longer treat him because the VA had not paid Leal for Smart's treatment during the preceding eight years. After obtaining leave,[1] Smart sued the United States under the FTCA for medical negligence. He claimed that the VA had breached its legal duty and the applicable standard of medical care by failing to recognize and treat his mental health conditions while requiring him to be escorted by

---

[1] A district judge declared Smart a vexatious litigant and imposed a pre-filing injunction enjoining him from filing any lawsuit in the Western District of Texas, El Paso Division, unless he first obtained permission from the court.

No. 25-50120

armed officers who could have shot and killed him,[2] and by failing to ensure that he received necessary authorized mental health treatment.

The United States moved to dismiss Smart's medical negligence claim for lack of subject matter jurisdiction, arguing that the Veterans' Judicial Review Act (VJRA) and the discretionary function exception to the FTCA precluded review of his mental health treatment and armed escort allegations, respectively, and that he failed to state a claim. A magistrate judge agreed and recommended that the motion be granted. Smart objected to the recommendation and moved to transfer the case out of the district, alleging that he would "not get a fair adjudication" of his claims because of his litigation history and the sanctions previously imposed on him. The district court dismissed Smart's mental health treatment allegations for lack of subject matter jurisdiction and his armed escort allegations for failure to state a claim. It also construed his motion to transfer as a request for recusal and denied it. Smart timely appealed.

II

We review a district court's dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction *de novo*, applying the same standard as the district court. *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and

---

[2] Smart claimed that the VA wanted him to come on its "property and react in a hostile manner" when he learned that Leal had not been paid so that "an armed federal police officer [could] 'shoot and kill'" him. He has opted out of all treatment at the VA because of his "fear of being shot and killed."

No. 25-50120

viewing them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

We review the denial of a motion to recuse for abuse of discretion. *Johnson v. Lumpkin*, 74 F.4th 334, 341 (5th Cir. 2023) (citing *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999)).

III

Smart argues that the district court erred in dismissing his lawsuit for lack of subject matter jurisdiction under the VJRA because his claim did not require the court to review or consider a VA benefit determination. He also contends that it erred in dismissing his lawsuit based on a "cause of action that was not even before the District Court, VA Police Escort" when his only claim was for medical negligence.

The VJRA confers jurisdiction over veterans' benefits appeals "exclusively on the Court of Veterans Appeals." *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995). It states:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). District courts cannot review claims that "amount[] to an appeal of the VA's benefits decisions." *King v. United States VA*, 728 F.3d 410, 414 (5th Cir. 2013) (citing *Zuspann*, 60 F.3d at 1158-59).

Smart's claim is based on the VA's failure to provide him mental health treatment or pay for his treatment with Leal. That amounts to an appeal of the denial of benefits repackaged as a medical negligence claim

4

because, to consider it, the district court would have "to analyze whether the VA's agents knew or should have known that the denial of [Smart's] benefits was wrong." *See King*, 728 F.3d at 414; 38 U.S.C. § 511. This would raise "questions of law and fact related to the VA's benefits decisions . . . that [S]ection 511 places outside the district court's jurisdiction." *See id.*

Smart nonetheless argues that the district court had jurisdiction over his claim because, in *Smith v. United States*, 7 F.4th 963, 973 (11th Cir. 2011), the Eleventh Circuit stated that "[v]eterans injured by the negligence of the VA's medical professionals and their supporting personnel can bring suit against the United States in federal district court for medical negligence under the FTCA."

Still, Smart's claim amounts to a negligent failure-to-pay claim against the VA. In *Smith*, the Eleventh Circuit explained that "the approval and authorization of a particular treatment or the payment thereof are quintessential benefits determinations." 7 F.4th at 986. It held that the district court could not review the VA's "failure to timely approve [or] authorize [payment] without second-guessing a decision by the VA." *Id.* (citation modified). Here, because the VA's failure to authorize payment to Leal was a "quintessential benefits determination," the VJRA barred the district court from reviewing Smart's claim. *See id.*; *King*, 728 F.3d at 414.

The district court did not err by dismissing Smart's claim for lack of subject matter jurisdiction.

IV

Smart also argues that the district court judge should have recused due to personal bias and lack of impartiality.

A judge is required to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is

No. 25-50120

proper if a "reasonable man, were he able to know all the circumstances, would harbor doubts about the judge's impartiality." *Lumpkin*, 74 F.4th at 341 (quoting *Trevino*, 168 F.3d at 178). Adverse rulings do not render a judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). They "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Here, Smart points to the district court's rulings as evidence of bias, contending that instead of ruling on his sole medical negligence claim, it discussed the previous sanctions imposed on him and dismissed his claim because of the police escort requirement. He has not shown that any of the rulings were the result of personal bias, favoritism, or antagonism, or were based on knowledge acquired outside the judicial proceedings. *See Liteky*, 510 U.S. at 555. The district court did not abuse its discretion in denying his request for recusal.

\* \* \*

AFFIRMED.