**Charles THOMPSON, Plaintiff–Appellant,**

v.

**VETERANS ADMINISTRATION, Defendant–Appellee.**

No. 01–1470.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2001.

Before SILER, CLAY, and GIBSON,[*] Circuit Judges.

### ORDER

Charles Thompson, a Michigan resident proceeding pro se, appeals a district court judgment dismissing his complaint construed as a claim of a due process violation under the Fifth Amendment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

[*] The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by

On May 20, 1991, Thompson filed a claim for disability benefits with the Department of Veterans Affairs ("DVA"). Thompson has a spinal disorder. Subsequently, in January 1992, the DVA requested from the United States Army all available service records pertaining to Thompson. The army supplied the records to the DVA, which later denied Thompson's disability claim. Later, Thompson brought a motion for reconsideration and the Board of Veterans Appeals ("BVA") denied the motion. Thompson then appealed to the United States Court of Veterans Appeals ("CVA"), which affirmed the decision of the BVA. Thereafter, Thompson filed this action against the Secretary of Veterans Affairs claiming that the defendant filed false and fraudulent military medical records pertaining to Thompson with the United States Court of Appeals for Veterans Claims. This lawsuit was brought while the appeal was pending before the CVA.

The defendant moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and in the alternative, a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The matter was referred to a magistrate judge who recommended that the complaint be dismissed for lack of subject matter jurisdiction. Despite Thompson's objections, the district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. This timely appeal followed.

This court reviews de novo the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). See Greater Detroit Res. Recovery Auth. v. United States EPA, 916 F.2d 317, 319 (6th Cir.1990). The plaintiff has the burden of establishing a jurisdictional

designation.

basis for the action. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

A de novo review of the record and law completely supports the district court's decision. Thirty-eight U.S.C. § 511(a) precludes district courts from reviewing decisions on veterans' benefits, including constitutional challenges to the department's procedures; such challenges must be filed in the Court of Veterans Appeals and from there are reviewable by the Federal Circuit Court. *See Beamon v. Brown*, 125 F.3d 965, 970–71 (6th Cir. 1997); *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir.1995). Therefore, Thompson's complaint was properly dismissed for lack of subject matter jurisdiction.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.