NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0115n.06

Case No. 17-3322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 07, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN WAKSMUNDSKI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| CRYSTAL L. WILLIAMS, Psy. D., BOBBIE | ) | OHIO |
| J. SLOAN, R.N., B.S.N., and SUZAN | ) | |
| WINDERS-BARRETT, Ph. D., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: BOGGS, CLAY, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff-Appellant John Waksmundski appeals from a district court order dismissing his claims against Defendants-Appellants. Waksmundski alleges that employees of the Department of Veterans Affairs ("VA") refused to provide him medical treatment in violation of his First and Fourteenth Amendment rights. On appeal, Waksmundski contends that the district court erred in concluding that the Veterans' Judicial Review Act ("VJRA") precludes subject-matter jurisdiction over his *Bivens* action and that he fails to state a *Bivens* claim. **We affirm**.

I.

Waksmundski served in the United States Marine Corp Reserves and received an Honorable Discharge in August 1995. He received medical and psychological counseling from

the Cincinnati VA Hospital intermittently, beginning in January 2003. Beginning in 2007, Waksmundski received psychological treatment from Defendant-Appellant Crystal Williams ("Dr. Williams"). Waksmundski was involved in therapy at the VA, which in part consisted of group sessions with other male veterans "designed to increase the patients' skills in coping, managing stress and succeeding in interpersonal relationships." Waksmundski alleges that because of certain personal religious and political views expressed during these sessions, Dr. Williams denied him treatment and informed him in March 2014 that she would not refer him to any colleagues at the VA.

Waksmundski filed this lawsuit, alleging that Dr. Williams, along with Defendants-Appellees Bobbie Sloan and Dr. Suzan Winders-Barrett, participated in or approved of the denial of psychological treatment to which he was entitled. Waksmundski contends that Defendants' actions were discriminatory and violated his rights under the First and Fourteenth Amendments of the Constitution. Defendants filed a motion to dismiss, which the district court granted, concluding that Waksmundski's claims are preempted by the VJRA.

## II.

We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction or failure to state a claim. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 423 (6th Cir. 2016). "[A] district court must generally confine its Rule 12(b)(1) or 12(b)(6) ruling to matters contained within the pleadings and accept all well-pleaded allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009) (per curiam). We need not consider "conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

III.

The district court determined that it lacked subject-matter jurisdiction to consider Waksmundski's *Bivens* claims. We disagree. Under the VJRA:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). A "benefit" is defined as including "any payment, service, commodity, function, or status, entitlement to which is determined under the laws administered by [the] VA[.]" 38 C.F.R. § 14.627(e); 38 U.S.C. § 301(b). The VJRA provides for review of a denial of benefits by the Secretary of the VA, which then is appealable to the Board of Veterans' Appeals, with appeal to the United States Court of Appeals for Veterans Claims. *See* 38 U.S.C. §§ 7104, 7252, 7261. An appeal of that court is vested in the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. The VJRA expressly precludes federal jurisdiction over the VA's benefits-related decisions, with a few non-applicable exceptions. 38 U.S.C. § 511. Federal courts have repeatedly concluded that § 511(a) precludes jurisdiction over a claim involving deprivation of benefits where the court is asked to second-guess the VA. *See, e.g.*, *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) ("Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues."); *Thompson v. Veterans Admin.*, 20 F. App'x 367, 369 (6th Cir. 2001) ("Thirty-eight U.S.C. § 511(a) precludes district courts from reviewing decisions on veterans' benefits, including constitutional challenges to the department's procedures[.]"); *Zuspann v. Brown*, 60 F.3d 1156, 1158-60 (5th Cir. 1995) ("Since the enactment of the VJRA, federal courts have

refused to entertain constitutional claims if they are based on the VA's actions in a particular case.").

In arguing that § 511 does not preclude review, Waksmundski contends that his claims do not involve a denial of benefits but rather a "punishment" for his religious and political expression. (Plf's Br., 10.) We need not answer that question, however, because this case does not raise any legal questions that would trigger the application of § 511. *Bivens* actions, like those that Plaintiff attempts to bring in this case, assert that government officials are liable for actions taken in their *individual* capacities—not based on any decision "by the Secretary." *See* § 511(a). We therefore conclude that § 511 did not preclude the district court from exercising subject-matter jurisdiction for the limited purpose of determining whether Waksmundski properly invoked a *Bivens* cause of action.

IV.

The district court also concluded that Waksmundski failed to state a *Bivens* claim. We agree. The court properly rejected Waksmundski's conclusory argument that the administrative process does not entitle him to adequate remedies, and, thus, special factors should afford him a *Bivens* remedy. In *Bush v. Lucas*, 462 U.S. 367 (1983), the Supreme Court declined to imply a *Bivens* remedy for an alleged First Amendment violation when a NASA employee claimed he was demoted for publicly criticizing the agency. *Id.* at 368. Like the remedial system available to the plaintiff in *Bush*, a statutory scheme exists to address Waksmundski's claims. *See Waksmundski v. Williams*, 2017 WL 749193, at *5 (S.D. Ohio Feb. 27, 2017) (citing cases). Based on this remedial scheme, federal courts have repeatedly rejected attempts to bring *Bivens* actions against VA employees. *See, e.g.*, *Zuspann*, 60 F.3d at 1160-61. Waksmundski cites to no cases, and this Court has found none, that apply *Bivens* to a case involving a denial of

veterans' benefits allegedly based on alleged constitutional violations.[1] Waksmundski fails to persuade us that his circumstances compel an expansion of *Bivens*. Having failed to make the threshold showing under *Bivens* that the administrative remedy is inadequate, Waksmundski must pursue his action through the administrative process, starting with the VA itself and then proceeding to the Court of Appeals for Veterans Claims, the Court of Appeals for the Federal Circuit, and ultimately the Supreme Court. *See* 38 U.S.C. §§ 511(a), 7104, 7266, 7291-92.

V.

The district court had jurisdiction to consider whether Waksmundski states a *Bivens* claim and properly concluded that he does not. Thus, we **AFFIRM**.

---

[1] Waksmundski cites two recent cases from other Circuits involving an executive order, but those cases have no relation to *Bivens*, to the VJRA, to veterans' treatment, or any issue even remotely related to the ones at issue here, nor are they binding on this Court.

**BOGGS, Circuit Judge, Concurring.** I agree with Judge Donald's careful analysis of why Mr. Waksmundski does not have a viable *Bivens* claim in federal court. But I disagree with the majority's conclusion that § 511(a) did not preclude the district court from exercising subject-matter jurisdiction over Waksmundski's *Bivens* action. This case is no different than any of the myriad ways in which a VA employee could erroneously deny any benefit, and the VJRA mandates that such issues must be hashed out through the process of the VA itself, the Court of Appeals for Veterans Claims, and the Court of Appeals for the Federal Circuit. I therefore concur in part in the majority opinion and concur in the judgment.